■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASPER PETERSON, Respondent.—Appeal by the People from an order of the County Court, Dutchess County (Traficanti, J.), dated January 4, 1985, which granted defendant's motion to dismiss the indictment for failure to accord him a speedy trial.

Order affirmed.

Defendant's motion to dismiss the instant indictment on speedy trial grounds was granted due to the People's failure to establish that the two-year delay in announcing their readiness for trial was an excludable period under CPL 30.30 (4). It

is the People's position that the period from the commencement of the proceedings on August 13, 1982 until the defendant's arrest in August 1984 must be excluded pursuant to CPL 30.30 (4) (c) because the defendant's location was unknown and he was attempting to avoid prosecution. We disagree, and accordingly affirm the order of dismissal.

Where the People are not ready for trial within six months from the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony, a motion to dismiss on speedy trial grounds must be granted (CPL 30.30 [1] [a]), unless the People can prove that certain periods of delay are excludable under CPL 30.30 (4) (see, People v Berkowitz, 50 NY2d 333). Delay due to a defendant's absence or unavailability should be excluded from the time in which the People must be ready for trial (CPL 30.30 [4] [c]). "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c]). The mere allegation of absence or unavailability is not sufficient for the time to be excludable under the statute (People v McCaffery, 78 AD2d 1003). The prosecution must further establish that the defendant was attempting to avoid apprehension or that he could not be located by exercise of due diligence.

In the instant case, the County Court correctly concluded that the time between August 13, 1982 and defendant's arrest in August 1984 was not excludable in determining defendant's speedy trial claim. There is no indication in the record that the defendant was attempting to avoid apprehension on the instant charge since admittedly he was never notified as to this indictment until his arrest on August 3, 1984. Furthermore, insofar as due diligence is concerned, the record established that defendant both lived and worked in the Poughkeepsie-Newburgh area and received public assistance there on an intermittent basis during the period in question. He resided with his mother in Newburgh and periodically visited his children, who lived in Poughkeepsie, and, although both of these addresses were known to the authorities, neither was kept under surveillance during this two-year period to ascertain the defendant's presence or whereabouts, nor was any effort made to contact his mother or leave any word with her. In addition, no effort was made to ascertain any information pertaining to the defendant by checking with the post office, the telephone company or other utilities, the Social Security Administration, or any other governmental agency.

Under these particular circumstances, we cannot accept the People's contention that the defendant's location was unknown and that he was "attempting to avoid apprehension or prosecution" or that "his location [could not] be determined by due diligence". Thus, he cannot be considered absent within the meaning of CPL 30.30 (4) (c). Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.