■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK WALTERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered May 2, 1985, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Owens, J.), without a hearing, of the defendant's motions to dismiss the indictment on the ground that he was denied his right to a speedy trial.

Ordered that the judgment is affirmed.

The defendant's motions to dismiss the indictment on the ground that he had been deprived of his right to a speedy trial under CPL 30.20 and 30.30 (1) (a) were properly denied without a hearing based upon the undisputed facts set forth in the papers submitted in connection with these motions *(see, People v Agosto,* 123 AD2d 637), which established that although the period between the commencement of this criminal action and the date the People announced their readiness for trial was in excess of 17 months, less than six months of this total period of delay was chargeable to the People. All but a small portion of this delay was caused by the defendant's "unavailability" due to his hospitalization until November 23, 1982, and his "absence" subsequent to hospitalization until January 5, 1984, during which time the People exercised due diligence to locate him *(see,* CPL 30.30 [4] [c]; *People v Lemon,* 124 AD2d 679; *People v Manley,* 63 AD2d 988).

Contrary to the defendant's contention, there were sufficient undisputed facts in the motion papers for the court to determine, without holding a hearing, that the police had exercised due diligence in trying to locate him. Specifically, it was undisputed that on seven occasions between December 24, 1982 and October 28, 1983, the police canvassed the defendant's last known address and spoke to the building superintendent and another individual, leaving a message for the defendant with the latter and also sent for the former arrest reports of the defendant to obtain further contact information and checked with the Post Office for a forwarding address.

The defendant's contention that the evidence in this case was insufficient to support the verdict because the complainant's testimony was not credible lacks merit. The resolution of issues of the credibility of witnesses is a matter which lies with the triers of fact who saw and heard the witnesses *(see,*

*People v Jackson,* 114 AD2d 858, 859; *People v Herriot,* 110 AD2d 851, 852) and their determination is to be accorded great weight on appeal. Upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt.

We have reviewed the defendant's other contentions and find them to be without merit. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.