■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VALERI GENKIN, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Balbach, J.), dated February 22, 1985, which granted the defendant's motion to dismiss the indictment on the ground that the People failed to announce their readiness for trial within the time specified in CPL 30.30.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The charges against the defendant arose from an alleged sexual attack on an eight-year-old girl which occurred during the early morning hours of May 19, 1980. Immediately after the incident, the defendant fled from the alleged victim's home, where he was an overnight guest on a visit from Canada. An indictment charging him with sodomy in the first degree, burglary in the second degree, sexual abuse in the first

degree and endangering the welfare of a child was returned on July 30, 1980. The defendant was not taken into custody until September 28, 1984, when he was arrested while attempting to cross the border from Canada into the United States. He subsequently sought dismissal of the indictment on the ground, *inter alia,* that the People had failed to comply with CPL 30.30.

At the CPL 30.30 hearing, the evidence showed that the partially dressed defendant fled, with shoes in hand, from the alleged victim's home as the girl's father attempted to telephone the police. During the subsequent investigation, the police contacted the person who had driven the defendant from Canada to New York and were told that, on May 20, the day after the incident, the car in which the defendant's belongings were stored was broken into and all of the defendant's clothing was removed from the car's trunk. The police conducted further interviews with the defendant's acquaintances and enlisted the aid of the Canadian authorities in attempting to locate him in Canada. The Canadian authorities told the investigating officer that they had succeeded in determining the defendant's address but were advised by his landlord that the defendant had hurriedly packed his belongings and had moved out. Upon receiving this information, the investigating officer made further attempts to locate the defendant by contacting the Israeli consulate (the defendant was formerly a sergeant in the Israeli Army) and by making inquiries of the Police Department Identification Section, the United States Post Office, the Motor Vehicle Bureau, the telephone company and Consolidated Edison. All of these efforts were fruitless. The arrest warrant was entered into the National Computer System but there was no trace of the defendant until the date of his arrest.

We find, contrary to the determination of the hearing court, that the evidence was sufficient to establish that the efforts made by the police and District Attorney's office were sufficient to satisfy the standard of "due diligence" under CPL 30.30 (4) (c) *(see, People v Walters,* 127 AD2d 870; *People v Taylor,* 127 AD2d 714; *People v Lemon,* 124 AD2d 679, *lv denied* 69 NY2d 747). The period of the defendant's absence should therefore have been excluded from the CPL 30.30 time computation and the defendant's motion to dismiss the indictment should have been denied. Thomson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.