(October 29, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. O'CONNELL, Appellant.—Yesawich, Jr., J. Appeals (1) from a judgment of the County Court of Clinton County (Goldman, J.), rendered December 12, 1983, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony, and (2) by permission, from an order of said court, entered December 15, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was arrested on March 16, 1983, on, *inter alia,* the charge of driving while under the influence of alcohol as a misdemeanor. Because of a prior conviction, defendant was indicted on May 18, 1983 on the charge of driving while under the influence of alcohol as a felony. His trial, which commenced on November 21, 1983, resulted in a jury verdict of guilty. Subsequently, defendant, who is presently free on bail, brought a CPL 440.10 motion to vacate the judgment on the

grounds that he had been denied (1) a speedy trial pursuant to CPL 30.30 and US Constitution 6th Amendment and (2) the right to effective assistance of counsel. County Court denied the motion; defendant appeals both the denial of his CPL 440.10 motion, permission to appeal having been granted by a Justice of this court, and the verdict against him. We reverse.

Defendant's right to effective assistance of counsel was abridged by his attorney's failure to move for dismissal on statutory speedy trial grounds. As the District Attorney's office conceded on oral argument, for the purpose of calculating the applicable time period, the criminal proceeding began with the misdemeanor filing on March 16, 1983 *(see, People v Sinistaj,* 67 NY2d 236, 239). Over eight months elapsed before the prosecution declared on the record that the People were ready for trial; that announcement was made at the commencement of trial on November 21, 1983, well in excess of the six-month mandate for a speedy trial on a felony charge *(see,* CPL 30.30 [1] [a]).\* None of the delay is attributable to defendant. And contrary to the People's contention, the fact that defendant chose not to make pretrial motions *(see,* CPL 255.20 [1]) does not extend the six-month period an additional 45 days; only that period of delay, if any, attributable to consideration and determination of a particular motion is excludable pursuant to CPL 30.30 (4) (a) *(People v Torres,* 60 NY2d 119, 127-128). Nor does it avail the People that the case was scheduled for trial during the November term which began on the first Monday of that month. To show the prosecution's readiness for trial, there must have been "a contemporaneous communication in court on the record that the People were ready" *(People v Lawson,* 112 AD2d 457, 458, *lv denied* 66 NY2d 764); that showing was simply not made.

The failure of defendant's assigned trial counsel to make a written motion, upon reasonable notice, before trial to dismiss the indictment for noncompliance with the statutory speedy trial requirement resulted in the waiver of a meritorious and dispositive objection *(see, People v Lawrence,* 64 NY2d 200, 203). We consider such an omission, which cannot be explained away as attributable to trial strategy, sufficiently egregious, without more, to constitute denial of meaningful representation by counsel *(see,* US Const 6th Amend; NY Const, art I, § 6; *see also, People v Wiley,* 120 AD2d 66, 68),

---

\* Even if the applicable time period is measured from the felony indictment on May 18, 1983, the prosecution's statement of readiness, however calculated, was announced after six months had past.

and to warrant our intervention in the interest of justice *(see,* CPL 470.15 [6] [a]).

Judgment and order reversed, as a matter of discretion in the interest of justice, and indictment dismissed. Mahóney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.