■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Fromer, J.), rendered July 31, 1990, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

On November 6, 1988, a felony complaint was filed charging defendant with the assault of a correction officer during a disturbance at the Sullivan County Jail on November 5, 1988. On February 22, 1989, defendant was indicted on two counts of assault in the second degree (Penal Law § 120.05 [3], [7]) as a result of the November 1988 incident. On June 6, 1990, defendant, through his counsel, moved to dismiss the indictment on the ground that he was denied his right to a speedy trial in violation of CPL 30.20 and 30.30. In support of the

motion, it was alleged that 557 days had elapsed since the filing of the felony complaint against defendant. County Court summarily denied the motion, concluding that the delay in bringing defendant to trial was attributable to court congestion. The following day, the matter proceeded to trial where defendant was convicted as charged. Defendant was sentenced to two concurrent prison terms of 2⅓ to 7 years. This appeal ensued.

Defendant's primary contention on appeal is that County Court improperly denied his motion to dismiss the indictment because he was deprived of his constitutional *(see,* CPL 30.20) and statutory *(see,* CPL 30.30) right to a speedy trial.* With regard to the alleged violation of CPL 30.20, our review of the facts surrounding the delay in this case in light of the five factors outlined in *People v Taranovich* (37 NY2d 442, 448) leads us to conclude that this claim is unavailing. While recognizing that the delay here was lengthy and that defendant was in jail during that period, it is undisputed that he was incarcerated on other pending charges and there is no indication that he would not have remained in jail had there been no delay. Whether the reason for the delay was in fact court congestion cannot be determined from the record. There has been no showing, however, that defendant's defense was impaired by the delay or that he was otherwise prejudiced. Under all of the circumstances, we find no basis for holding that defendant was denied his constitutional right to a speedy trial *(see, People v Watts,* 57 NY2d 299, 303).

As to the claimed violation of CPL 30.30, defendant contends that the People were not ready for trial within six months of the commencement of the criminal action *(see,* CPL 30.30 [1] [a]). It was alleged in defendant's moving papers before County Court that there had been an unexcused delay of 557 days from the filing of the felony complaint, which was not attributable to defendant. Having thus met his burden of establishing an unexcused delay in excess of the statutory maximum, the burden shifted to the People to demonstrate that they were ready for trial within the statutory period *(see, People v Santos,* 68 NY2d 859, 861).

---

* We reject the People's contention that defendant's motion was untimely. Although the motion was made on June 6, 1990, the day before trial, and was returnable June 20, 1990, it was nevertheless made before "the commencement of trial" (CPL 210.20 [2]) and "in writing and upon reasonable notice to the people" (CPL 210.45 [1]; *see, People v Lawrence,* 64 NY2d 200, 203, 205). It appears that the failure to bring the motion sooner was due to confusion as to who was then representing defendant.

We agree with defendant that the record before us contains no proof demonstrating that the People were ready for trial within the meaning of CPL 30.30 (1). Although it appears that the People properly sent defendant's then counsel a written notice of readiness, there is nothing in the record to indicate that such a notice was filed with the appropriate court clerk *(see, People v Kendzia,* 64 NY2d 331, 337) and we decline to consider the postargument submissions made by the People to establish that fact. However, it appears that because of County Court's summary denial of defendant's motion to dismiss the indictment, the People were not afforded an opportunity to respond with the necessary submissions. Accordingly, we deem it appropriate to withhold decision and remit for further submissions or, if necessary, a prompt hearing *(see, People v Mullen,* 152 AD2d 260, 271).

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this court's decision.