■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG E. WIGGINS, Appellant. [598 NYS2d 391] —Mercure, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), rendered November 18, 1991 in Delaware County, upon a verdict convicting defendant of the crime of attempted arson in the first degree.

On August 11, 1990, Ivan Baudendistel and his wife, Bobbe Baudendistel, discovered a 10-inch-long piece of pipe that was taped to a gasoline-filled container on the back porch of their home in the Village of Deposit, Delaware County. The State Police removed and disarmed the device the next day. Defendant, who is an Oklahoma resident, became a suspect in the ensuing investigation when it was revealed that he had made threats against the family of Patti Charles, defendant's ex-wife and Bobbe Baudendistel's sister. Oklahoma authorities eventually obtained a search warrant for defendant's residence and upon executing the warrant discovered a traffic citation issued to defendant in Hancock, New York, on August 11, 1990, a can of black powder and magazines describing how to make a bomb.

On September 10, 1990, a felony complaint charging defendant with attempted arson in the first degree was filed with a local criminal court in the Village of Deposit. Defendant was arrested in Oklahoma and arraigned on September 11, 1990. Defendant was subsequently released by Oklahoma authorities and his bail exonerated after the People failed to extradite defendant to New York within 90 days. In January 1991, defendant was indicted and charged with attempted murder in the second degree and attempted arson in the first degree. In September 1991, defendant moved for dismissal of the indict-

ment on the ground, *inter alia,* that his statutory right to a speedy trial had been violated. Supreme Court denied the motion without a hearing. Defendant's trial commenced on September 23, 1991. At the conclusion of the trial, the jury returned a verdict convicting defendant of attempted arson in the first degree. Supreme Court sentenced defendant to a term of imprisonment of 8⅓ to 25 years.

Defendant asserts upon this appeal that he was denied his statutory right to a speedy trial. Initially, we reject the People's contention that defendant's motion was untimely. The motion, made before the commencement of trial, in writing and upon reasonable notice to the People, was in accord with the statutory procedure *(see, People v Johnson,* 184 AD2d 862, 863, n; *cf., People v Lawrence,* 64 NY2d 200, 203-205). As to the merits of defendant's argument, the affidavit of defendant's counsel submitted in support of the motion establishes that the statutory period began to run with the filing of the felony complaint on September 10, 1990 and that defendant was not returned to New York until April 17, 1991. Further, the record does not reveal whether the People ever indicated their readiness for trial *(see, People v Kendzia,* 64 NY2d 331, 337). Thus, the moving papers alleged an unexcused delay beyond the six-month period set forth in CPL 30.30 (1) (a), shifting the burden to the People to show that time should be excluded *(see, People v Santos,* 68 NY2d 859, 861). The People attempted to meet that burden by arguing that defendant was unavailable because of his absence from New York and because he could not be located. Supreme Court then denied defendant's motion "for the reasons expressed by the district attorney".

CPL 30.30 (4) (c) excludes periods of delay resulting from the "absence" or "unavailability" of the defendant. Under this provision, a defendant is absent whenever his location is unknown and the defendant is attempting to avoid apprehension, or if the defendant's location cannot be determined by due diligence *(see,* CPL 30.30 [4] [c]; *People v Davis,* 184 AD2d 575). A defendant is considered to be unavailable when his location is known but his presence cannot be obtained by due diligence *(see,* CPL 30.30 [4] [c]; *People v Hinton,* 181 AD2d 696, *appeal dismissed* 81 NY2d 867). Absent a demonstration of "prosecutorial diligence in locating the defendant and/or securing his presence", the mere fact that the defendant was in another jurisdiction when the action was commenced does not entitle the People to exclude the time *(People v Bolden,* 81 NY2d 146, 155; *see, People v Delacruz,* 189 AD2d 717).

We agree with defendant that, on the basis of the present sparse record, the People have not made the requisite showing. However, considering Supreme Court's summary denial of defendant's motion to dismiss the indictment, we feel it appropriate to remit the matter to Supreme Court for a hearing to afford the People an opportunity to establish their due diligence in attempting to secure defendant's presence for trial or determine his location *(see, People v Johnson,* 184 AD2d 862, 864, *supra; People v Davis, supra,* at 577-578; *cf., People v Hinton, supra).* We will withhold determination of the several remaining issues raised by defendant pending Supreme Court's reconsideration of defendant's statutory speedy trial motion.

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for a hearing and redetermination of defendant's motion to dismiss the indictment pursuant to CPL 30.30.