■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUMAL COMPLETE ALLAH, Also Known as TRINTON LANE, Also Known as HOYT LANE, Appellant. [609 NYS2d 628] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered February 28, 1992, convicting him of rape in the first degree (two counts), rape in the second degree, sodomy in the first degree (two counts), sodomy in the second degree, sexual abuse in the first degree (four counts), sodomy in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions of various counts of rape, sodomy, sexual abuse, and endangering the welfare of a child arise from sexual assaults he committed against his 15-year-old daughter and his 13-year-old niece between March and August of 1989.

The defendant contends that he was denied both his constitutional and statutory rights to a speedy trial. His contention is founded on the delay between his commission of the acts constituting the crimes and the trial. He also claims that the form of the verdict sheet prejudiced him because the numbers of the counts in the indictment which had been dismissed at the end of the evidence appeared on the verdict sheet with the notation "Not Submitted". We find both claims to be without merit.

Between May 3, 1990, when the indictment was filed, and January 1991, when the assistance of the New York State Police violent felony warrant squad was sought, the Yonkers Police Department took several steps to locate and arrest the defendant. After the filing of the indictment a warrant was obtained for the defendant's arrest. In addition, the assistance of the Division of Parole was sought in the efforts to locate the defendant. It was learned that the defendant had not been reporting to his probation officer. The defendant's wife was interviewed on several occasions and she indicated that she had thrown the defendant out of the apartment upon learning of the sexual assaults. She indicated that the defendant was homeless and was living in subway cars. The defendant's father was also interviewed.

The police issued a nationwide alert for the defendant's

arrest. A detective interviewed the mail carrier for the neighborhood, searched the Westchester County homeless shelter, soup kitchens in Yonkers, and areas where homeless people congregated. The police also followed several leads and made inquiries at the Welfare Department. They also set up numerous surveillances which ultimately resulted in the defendant's arrest in June of 1991. Thus, the evidence was sufficient to establish that the efforts made by the police were sufficient to satisfy the standard of "due diligence" under CPL 30.30 (4) (c) *(see, People v Lugo,* 140 AD2d 715; *People v Genkin,* 131 AD2d 505; *People v Walters,* 127 AD2d 870).

Neither the defendant's constitutional right to a speedy trial nor his statutory right pursuant to CPL 30.20 was violated. In balancing the merits of a defendant's assertion that he has been denied a speedy trial, the court should consider: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(People v Taranovich,* 37 NY2d 442, 445; *see also, People v Singer,* 44 NY2d 241). Applying these guidelines, we find that the seven-month period preceding the filing of the indictment was utilized in conducting good-faith investigations *(see, People v LaRocca,* 172 AD2d 628; *People v Angrisani,* 160 AD2d 713).

The 13-month delay from the filing of the indictment in May 1990 to the arrest of the defendant in June 1991 was due to the defendant's absence. As stated above, both local and State law enforcement officials made diligent efforts to apprehend the defendant during that period. The record also indicates that the defendant did not suffer any prejudice as a result of the delay. Moreover, the defendant was never incarcerated during that period.

The defendant's claim that he was prejudiced by the form of the verdict sheet is not preserved for appellate review. In any event, the defendant cannot be heard to complain since he expressly consented to its form *(see, People v Sotomayor,* 79 NY2d 1029; *People v Taylor,* 76 NY2d 873).

We have considered the defendant's remaining contentions and find them to be without merit. Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.