■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFREM ALLEN, Appellant. [611 NYS2d 221] —Appeals by the defendant from (1) a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 12, 1992, convicting him of rape in the third degree, under Indictment Number 711/91, and (2) a judgment of the same court, also rendered May 12, 1992, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree (two counts), under Indictment Number 712/91, upon jury verdicts, and imposing sentences.

Ordered that the judgment rendered under Indictment Number 711/91 is reversed, on the law, the defendant's motion to dismiss that indictment pursuant to CPL 30.30 is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the judgment rendered under Indictment Number 712/91 is affirmed.

The decision of the trial court denying the defendant's motion pursuant to CPL 30.30 seeking dismissal of Indictment Number 711/91 was improper. The defendant established in his moving papers that the People were not ready for trial within six months of commencement of the criminal action whereupon the burden shifted to the People to demonstrate that they were ready for trial within the statutory period (see, People v Johnson, 184 AD2d 862). While the People demonstrated that they were not chargeable with two periods of delay, they failed to account for periods of delay totalling approximately seven months. Since the period of delay exceeded the statutory maximum of six months (see, CPL 30.30 [1] [a]), dismissal of Indictment Number 711/91 is mandated.

However, the record sufficiently demonstrates that the the delay chargeable to the People with regard to Indictment Number 712/91 did not exceed the six-month maximum period. Moreover, after careful consideration of the factors set forth in People v Taranovich (37 NY2d 442, 445), we find that the defendant was not deprived of his constitutional right to a speedy trial. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.