■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v RON HANSEL et al., Respondents-Appellants. [617 NYS2d 542] —White, J. Cross appeals from an order of the County Court of Otsego County (Estes, J.), entered February 3, 1994, which granted defendants' motions to dismiss the indictment.

A misdemeanor complaint was filed in the Richfield Springs

Town Court against defendant Ron Hansel and L&F Fuels charging them with two counts of endangering public health, safety or the environment in violation of ECL 71-2711, a class A misdemeanor. The record is unclear whether the actual filing date was January 20, 1993 or February 3, 1993. After several adjournments and due to the complex nature of this case, the matter was presented to the Otsego County Grand Jury and an indictment dated May 17, 1993 was returned charging Hansel, L&F Fuels and defendant M.O.T.S., Inc. with two counts of endangering public health, safety or the environment in the third degree, the identical charges set forth in the original complaint.

The charges against L&F Fuels were subsequently dismissed upon request of the People. After motions and the appointment of counsel for defendants, the case was scheduled for trial on July 19, 1993, but was adjourned at defendants' request until the September 1993 term. The case was called for trial on September 10, 1993, October 1, 1993 and November 8, 1993, but on each occasion the case was adjourned, although the People stated their readiness in each instance. The case was then scheduled for trial on January 7, 1994; however, by letter dated November 9, 1993, the People advised County Court and defendants that a material witness would be unavailable from January 5, 1994 through January 20, 1994 and that they would be unable to try the case during that period. In open court on January 7, 1994, the People reiterated their inability to try the case during the next two weeks, at which point the attorney for M.O.T.S. orally moved to dismiss, based on the People's failure to be ready to proceed. After initially stating that he was not ready for trial, Hansel, appearing *pro se* with an advisor, joined in the motion. County Court reserved decision, but later that day orally advised the parties that the motions to dismiss had been granted. Following a written decision dated February 1, 1994, an order dismissing the indictment was entered on February 3, 1994. Both parties appeal.*

As a general rule, a motion to dismiss an indictment on speedy trial grounds must be made in writing and supported by sworn allegations with reasonable notice to the People (*see,* CPL 210.45; *People v Lawrence,* 64 NY2d 200). Although defendants' oral motions were insufficient to satisfy this rule,

---

* Defendants have filed a cross appeal from the order dismissing the indictment. As defendants are not aggrieved by this order, the cross appeal is dismissed.

the requirement that the motion be made in writing is waived by the People should they fail to object to the improper procedure (see, People v Jennings, 69 NY2d 103). As was pointed out in People v Littles (188 AD2d 255, lv denied 81 NY2d 842), however, the Jennings case involved extensive oral argument upon fully clarified issues presented with adequate notice to the People. Further, it is defendants' initial burden to show a period of delay in excess of the statutory period, at which time the burden shifts to the People to demonstrate that these delays were not chargeable to them (see, People v Santos, 68 NY2d 859; People v Kendzia, 64 NY2d 331).

In the instant case defendants failed to specify the date of the commencement of the action or any other factual basis for their motions, and since the vast majority of the time charged to the People occurred while the case was pending in Town Court, County Court should not have summarily granted the motion. Instead, the court should have afforded the People an opportunity not only to clarify what transpired while the matter was before Town Court, but to also respond with any other pertinent factual information. Therefore, we will remit this matter to County Court to accept submissions from the parties or for a hearing (see, People v Wiggins, 194 AD2d 840; People v Johnson, 184 AD2d 862).

Mercure, J. P., Crew III and Casey, J., concur. Ordered that the order is reversed, on the law, indictment reinstated and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this Court's decision.