■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN M. PICKENS, Also Known as KAMEL, Appellant. [627 NYS2d 825] —Peters, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered October 1, 1993, upon a verdict convicting defendant of the crime of robbery in the second degree.

The preliminary issue on appeal is defendant's contention that he was denied the right to effective assistance of counsel due to counsel's failure to move to dismiss the indictment charging him with a felony for noncompliance with statutory speedy trial requirements (*see*, CPL 30.30 [1] [a]). Relevant thereto, the record reflects that defendant was represented by the Public Defender's office from the time of his arrest on November 26, 1990 until January 1992.* It further reflects that defendant's counsel, with the consent of defendant, waived his right to a preliminary hearing. The Public Defender thereafter sought and obtained defendant's release from jail based on the lack of timely Grand Jury action (*see*, CPL 190.80). By letter dated May 3, 1991, the Public Defender's office informed defendant that, pursuant to CPL 30.30 (1) (a), it would make a motion for the dismissal of the indictment if the People were not ready to proceed to trial on or before May 26, 1991.

The case was presented to the Grand Jury on May 24, 1991 and the indictment was filed that day. The record further reflects that defendant was not arraigned until May 28, 1991 at which time the People served their notice of readiness. No motion was thereafter made by defense counsel to dismiss the indictment on speedy trial grounds pursuant to CPL 210.20 (1) (g).

Should defendant have had a meritorious speedy trial claim, his counsel's failure to make such motion before trial to dismiss the indictment for noncompliance with CPL 30.30 (1) (a) "resulted in the waiver of a meritorious and dispositive objec-

---

* Defendant asserts that the felony complaint was filed on or before November 26, 1990. However, since the felony complaint has not been included in the record, we cannot confirm the date of filing. Accordingly, we must assume, for purposes of our review, that the felony complaint was filed on November 26, 1990.

tion" (*People v O'Connell*, 133 AD2d 970, 971). Since we have held such omission to be "sufficiently egregious, without more, to constitute denial of meaningful representation by counsel" (*supra*, at 971; *see, People v Thomas*, 200 AD2d 866), our intervention would be warranted in the interest of justice (*see*, CPL 470.15 [6] [a]; *People v O'Connell*, *supra*).

In finding that defendant has made a prima facie showing of the People's failure to comply with CPL 30.30 (1) (a), the burden would thereafter shift to the People to demonstrate "sufficient excludable time" (*People v Kendzia*, 64 NY2d 331, 338). We do not find the People's speculation on appeal, concerning a purported adjournment consented to by defendant prior to his waiver of his right to a preliminary hearing, to be sufficient, without more, to demonstrate excludable preindictment delay. The fact that the delay may have been minimal is of no consequence (*see, People v Gushlaw*, 112 AD2d 792, *lv denied* 66 NY2d 919) and, even assuming that there was an adjournment, such fact alone does not establish defendant's consent thereto (*see, e.g., People v Meierdiercks*, 68 NY2d 613).

Since defense counsel did not move to dismiss the indictment on statutory speedy trial grounds and since the People have not had an opportunity to properly demonstrate excludable time, we find that this appeal must be held in abeyance until County Court conducts a hearing on the issue (*see, People v Thomas*, *supra*, at 867; *People v Benson*, 200 AD2d 861, *lv denied* 83 NY2d 964).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.