■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COURTNEY, Appellant. [671 NYS2d 667] —Appeal by the defendant, by permission, from an order of the Supreme Court, Richmond County (Leone, J.), dated July 12, 1996, as amended October 25, 1996, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction, rendered February 15, 1996, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order, as amended, is reversed, on the law, the defendant's motion is granted, the judgment of conviction is vacated, the indictment is dismissed, and the matter is remitted to the Supreme Court, Richmond County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The People correctly concede that the defendant's judgment of conviction must be vacated because he was denied the effective assistance of trial counsel by counsel's failure to move for dismissal of the indictment on statutory speedy trial grounds (*see,* CPL 30.30). An approximately 14-month period between the defendant's indictment and the People's declaration of readiness is clearly chargeable to the People, as the issue regarding that same period of time was previously litigated and found to be chargeable to the People in a prior speedy trial motion by the defendant to dismiss other charges. Although the People did not respond to that prior motion, they had ample opportunity to litigate the issue, and may not relitigate it in the present context where the issue and the parties are identical (*see generally, People v Carroll,* 200 AD2d 630, 631; *People v McGriff,* 130 AD2d 141, 152). Thus, this period of time was well in excess of the six-month period mandated in CPL 30.30 (1) (a), and dismissal of the indictment would have been required.

By failing to make the speedy trial motion, and by allowing the defendant to plead guilty to the present charge, defense counsel's actions resulted in the waiver of this meritorious and dispositive issue (*see, People v Lawrence,* 64 NY2d 200, 203). This omission by counsel, which cannot be attributed to trial strategy, denied the defendant of meaningful representation by counsel (*see, People v Pickens,* 216 AD2d 631; *People v O'Connell,* 133 AD2d 970).

In light of our determination, the defendant's remaining contention is academic. Bracken, J. P., Sullivan, Pizzuto and Altman, JJ., concur.