■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES EDWARDS, Appellant. [681 NYS2d 227] —Judgment, Supreme Court, Bronx County (Richard Price, J., on motion to dismiss; William Wallace, J., at speedy trial hearing; Robert Straus, J., at jury trial, plea and sentence), rendered May 3, 1994, convicting defendant of three counts of rape in the first degree pursuant to Penal Law § 130.35 (1), three counts of rape in the first degree pursuant to Penal Law § 130.35 (3), four counts of sodomy in the first degree pursuant to Penal Law § 130.50 (1), four counts of sodomy in the first degree pursuant to Penal Law § 130.50 (3), one count of sexual abuse in the first degree pursuant to Penal Law § 130.65 (1), and one count of sexual abuse in the first degree pursuant to Penal Law § 130.65 (3), and also convicting him, upon his plea of guilty, of bail jumping in the first degree, and sentencing him, as a second felony offender, to 14 concurrent terms of 8½ to 17 years, concurrent with three concurrent terms of 3 to 6 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The People established due diligence by showing that the police used all available administrative aids, tracked down all leads, including by means of observation and surveillance, and made all suitable inquiries (*see, e.g., People v Allah*, 202 AD2d 599, *lv denied* 83 NY2d 908).

The indictment was reasonably specific as to time in light of all the circumstances (*see, People v Watt*, 84 NY2d 948), including the complainant's age and mental state.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence supporting the element of forcible compulsion (*see, People v Yeaden*, 156 AD2d 208, *lv denied* 75 NY2d 872).

The court properly exercised its discretion in limiting the cross-examination of a police witness as to a matter of minimal probative value and in precluding further examination of the complainant on the defense case after defendant had already had a full opportunity for cross-examination.

Defendant's claim of ineffective assistance of counsel would require a CPL 440.10 motion to develop crucial background facts (*see, People v Rivera*, 71 NY2d 705, 709). On the instant record, we conclude that defendant received effective assistance (*see, People v Hobot*, 84 NY2d 1021, 1024).

By failing to object or by making general objections, or by failing to request further relief after an objection was sustained, defendant has not preserved his challenges to the People's summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We have reviewed and rejected defendant's remaining contentions. Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.