■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GREY, Appellant. [683 NYS2d 627] —Graffeo, J. Appeal

from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered March 20, 1996, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the fourth degree and criminal mischief in the fourth degree.

On July 6, 1993 the Schenectady Police Department received a report of a burglary at the Schenectady Job Training Agency (hereinafter the Agency). An investigation revealed a "fresh" set of fingerprints located on the inside of a video cart's storage door from which a television set and VCR were stolen. The fingerprints were submitted to the Division of Criminal Justice Services for identification and found to match those of defendant. The Agency advised the police that defendant had attended the Agency two years prior to the burglary and provided his last known address. After discovering that defendant no longer resided at that address, the police obtained an address in the Town of Westport, Essex County, from the Department of Motor Vehicles. The State Police in Westport, however, advised the Schenectady Police that defendant had relocated to Arizona. A warrant for defendant's arrest was thereafter filed and forwarded, along with a letter informing him of the warrant, via first class mail to an address in Arizona provided by the State Police. Apparently, no further action was taken until June 24, 1995 when defendant was arrested by the State Police in the Town of Clifton Park, Saratoga County, under the outstanding warrant.

At the conclusion of trial, defendant was convicted and sentenced to concurrent jail terms of six months for burglary in the third degree, six months for grand larceny in the fourth degree and six months for criminal mischief in the fourth degree.

Defendant contends upon this appeal that he was denied effective assistance of counsel based on his attorney's failure to make a pretrial motion to dismiss the indictment for a violation of the statutory right to a speedy trial. Initially, we find that the failure of defense counsel to move for dismissal based on a valid speedy trial claim " 'resulted in the waiver of a meritorious and dispositive objection' " (*People v Pickens*, 216 AD2d 631, 631-632, quoting *People v O'Connell*, 133 AD2d 970, 971). In light of the circumstances in this case, this failure constituted a serious omission and, therefore, denied defendant effective representation (*see, People v Courtney*, 249 AD2d 485; *People v Pickens, supra*, at 632).

With respect to the merits of the speedy trial claim, a motion to dismiss an indictment must be granted where the People

are not ready for trial within six months of the commencement of a criminal action in which defendant is accused of at least one felony (*see,* CPL 30.30 [1] [a]). Here, it is undisputed that more than six months transpired between the commencement of the criminal proceeding and when the People were ready for trial. Defendant having made the requisite prima facie showing that the People failed to comply with speedy trial requirements, the burden is shifted to the People to demonstrate that the delay is not chargeable to the People (*see, People v Santos,* 68 NY2d 859; *People v Kendzia,* 64 NY2d 331; *People v Pickens, supra,* at 632; *People v Hansel,* 208 AD2d 1112). The fact that defendant was in another jurisdiction when the action was commenced does not necessarily entitle the People to exclude this time from the calculation pursuant to CPL 30.30 (*see, People v Wiggins,* 194 AD2d 840). However, periods of delay resulting from the absence or unavailability of defendant are excludable time periods where the People establish that defendant was attempting to avoid apprehension (*see, People v Torres,* 88 NY2d 928) or was unable to be found after due diligence (*see,* CPL 30.30 [4] [c]; *People v Bolden,* 81 NY2d 146; *People v Washington,* 233 AD2d 684, *lv denied* 89 NY2d 1042; *People v Delaronde,* 201 AD2d 846; *People v Wiggins, supra*).

Based on the sparse record concerning this issue, we are constrained to view the People's conclusory contention that defendant had absconded from this jurisdiction and that the police officers engaged in diligent efforts to locate and secure defendant's presence at trial to be insufficient, without more, to establish excludable time (*see, People v Pickens, supra,* at 632; *People v Davis,* 205 AD2d 697; *People v Peterson,* 115 AD2d 497; *see generally, People v Mazyck,* 208 AD2d 956; *People v Genkin,* 131 AD2d 505). However, since the speedy trial issue was not raised in County Court and the People were not presented with an opportunity to offer evidence to demonstrate "excludable time", this matter shall be remitted to County Court for assignment of new counsel for defendant for the purpose of presenting a motion to the court for further factual inquiry into defendant's speedy trial claim to determine whether the delay was chargeable to the People (*see, People v Pickens, supra,* at 632; *People v Channer,* 209 AD2d 1056; *People v Wiggins, supra; People v Johnson,* 184 AD2d 862). Determination with respect to the remaining issues raised by defendant shall be withheld pending County Court's consideration of the speedy trial matter (*see, People v Wiggins, supra; People v Channer, supra; see also, People v Pickens, supra,* at 632).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur.

Ordered that the decision is withheld, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.