■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY JOHNSON, Appellant. [732 NYS2d 137] —Peters, J. Appeals

(1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 3, 1999, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the first degree and driving while ability impaired and the traffic infraction of speeding, and (2) by permission, from an order of said court, entered February 8, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

This criminal action was commenced in January 1999 and the People announced their readiness for trial in October 1999. Shortly thereafter, defendant entered a guilty plea to three counts of the indictment in satisfaction of all charges, waived his right to appeal and was sentenced in accordance with the plea agreement. After the filing of a notice of appeal and the assignment of appellate counsel, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction based upon the claimed ineffective assistance of trial counsel in failing to seek dismissal of the indictment on speedy trial grounds. County Court concluded that denial of the motion was required by CPL 440.10 (2) (c).

"[W]here a defendant would have had a meritorious statutory speedy trial claim, the failure of counsel to make such a motion is sufficiently egregious to constitute a denial of meaningful representation" (*People v White*, 229 AD2d 610). To the extent that a claim of ineffective assistance of counsel impacts on the voluntariness of a defendant's guilty plea, the claim survives a waiver of the right to appeal (*compare, People v Diaz*, 240 AD2d 961; *People v Ferguson*, 192 AD2d 800, *lv denied* 82 NY2d 717, *with People v Shaw*, 261 AD2d 648; *People v Tuper*, 256 AD2d 636), but the claim must ordinarily be preserved by a motion to withdraw the plea or a motion to vacate the judgment of conviction (*see, People v Wood*, 277 AD2d 515, 516, *lv denied* 96 NY2d 789; *People v Knoblauch*, 275 AD2d 477, *lv denied* 95 NY2d 965). In addition, when such a claim based on counsel's failure to seek dismissal on speedy trial grounds is considered on a direct appeal from the judgment and "the People have not had an opportunity to properly demonstrate excludable time," the appeal will be held in abeyance and the matter remitted to the trial court (*People v Pickens*, 216 AD2d 631, 632; *see, People v Grey*, 257 AD2d 685, 687).

In apparent recognition of these principles, appellate counsel elected to move to vacate the judgment of conviction before pursuing the direct appeal that was then pending. The papers submitted by the People in opposition to the motion, which

included an affidavit of trial counsel explaining the role that she and defendant played in the prosecutorial delay, clearly demonstrated that the record did not contain sufficient facts to permit adequate review of defendant's ineffective assistance of counsel claim prior to the CPL 440.10 motion. Accordingly, County Court erred in concluding that denial of the motion was required by defendant's failure to pursue the ineffective assistance of counsel claim on direct appeal (*cf., People v Hickey*, 277 AD2d 511, *lv denied* 95 NY2d 964). To the extent that County Court also criticized defendant for failing to raise the claim at sentencing, we note that defendant was then still represented by the counsel now claimed to be ineffective.

The People request that we affirm the judgment and order on the basis of the affidavit of defendant's trial counsel which attributes a substantial portion of the delay in prosecution to adjournment requests by defendant during the plea bargaining process (*see, People v Walton*, 214 AD2d 805, *lv denied* 86 NY2d 785). It is undisputed, however, that as a result of an apparent clerical error, the People's papers in opposition to the motion were served on defendant's trial counsel and that, consequently, neither defendant nor his newly assigned counsel saw the papers before County Court denied the motion. As a result of the various errors, defendant did not have an opportunity to reply to the factual allegations in the People's opposition papers, which are outside the record of the direct appeal, and County Court did not decide the motion on the merits. In these circumstances, the appropriate remedy is to withhold decision on the appeals and remit the matter to County Court for the purpose of providing defendant with an opportunity to submit a reply, followed by a hearing if necessary and a decision on the merits of the motion (*see, People v Benson*, 200 AD2d 861, 863).

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.