■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ACEVEDO SANCHEZ, Appellant. [757 NYS2d 405] —Appeal from a judgment of Erie County Court (Drury, J.), entered June 7, 1999, convicting defendant upon his plea of guilty of, inter alia, criminal sale of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one count of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]). We reject the contention of defendant that he was denied effective assistance of counsel on the ground that his attorney failed to move to dismiss the indictment pursuant to CPL 30.30 despite the 16-month delay from the filing of the indictment until defendant's arraignment. Although it is undisputed that the People were not ready for trial within six months of the filing of the indictment, it is also undisputed that defendant, a citizen of the Dominican Republic, was in that country for approximately two years after the crimes were committed and that the treaty between the United States and the Dominican Republic does not provide for the extradition of citizens of the Dominican Republic to the United States (*see generally United States v Matos,* 1996 WL 104264, *1, 1996 US Dist LEXIS, *4 [D Puerto Rico, Feb. 28, 1996]). The period of delay resulted from the unavailability of defendant. Although his location was known by the People, his presence for trial could not be obtained by due diligence because he could not be extradited and therefore the period of delay is not chargeable to the People (*see* 30.30 [4] [c] [i]). Thus we conclude that on these facts defense counsel's failure to move to dismiss the indictment does not constitute ineffective assistance of counsel (*cf. People v Grey,* 257 AD2d 685, 686-687 [1999]).

Finally, the sentence is not unduly harsh or severe. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.