Kane, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered May 22, 2001, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree and criminal mischief in the fourth degree.
In satisfaction of a six-count indictment, defendant pleaded guilty to one felony and one misdemeanor, with a recommendation of the minimum sentence on the felony and a concurrent sentence for the misdemeanor. Defendant then moved to withdraw his plea alleging that he was intoxicated and “not in his right mind” when the plea was made, and that he was innocent. County Court denied the motion and sentenced defendant as a second felony offender to the agreed-upon disposition of an indeterminate term of IV2 to 3 years’ imprisonment for criminal contempt in the first degree and a concurrent determinate term of one year for criminal mischief in the fourth degree.
County Court did not abuse its discretion in denying defendant’s motion to withdraw his guilty plea. The determination of whether to allow withdrawal of a guilty plea rests with the sound discretion of County Court and generally can be made without a hearing (see People v Babcock, 304 AD2d 912, 912 [2003]; People v Davis, 250 AD2d 939, 940 [1998]). The conclusory assertions in defendant’s motion papers had no record support and were contradicted by his own sworn plea allocution (compare People v Babcock, supra at 912). The motion papers failed to include an affidavit from the deputy sheriff who allegedly noted signs of intoxication on the day of the plea, or an affidavit from defendant himself stating that he was intoxicated and explaining his negative answer to the court’s question regarding his ingestion of drugs or alcohol. In light of *632 this lack of proof, together with defense counsel’s statement that she did not detect alcohol and the court’s observations of defendant during the allocution, it was not an abuse of discretion to deny the motion without a hearing.
Defendant next argues that counsel was ineffective by failing to move for dismissal on speedy trial grounds pursuant to CPL 30.30. Failure to raise a meritorious statutory speedy trial claim “is sufficiently egregious to constitute a denial of meaningful representation” (People v White, 229 AD2d 610, 610 [1996]; see People v Johnson, 288 AD2d 501, 502 [2001]). Ordinarily, an ineffective assistance claim must be preserved by a motion to withdraw the plea or vacate the judgment on that ground (see People v Clifford, 295 AD2d 697, 698 [2002], lv denied 98 NY2d 709 [2002]). In prior cases where a defendant for the first time on direct appeal raised the ground of ineffective assistance of counsel for failure to make a speedy trial motion, this Court held the appeal in abeyance and remitted to the trial court for a hearing on the issue (see People v Grey, 257 AD2d 685, 687 [1999]; People v Pickens, 216 AD2d 631, 632 [1995]; see also People v Johnson, supra at 502 [issue raised on direct appeal and in improperly denied CPL article 440 motion]). However, speedy trial or ineffective assistance of counsel claims based on matters outside the record are best reviewable by way of a CPL article 440 motion, which can be used to develop a record focused on those issues (see People v Brown, 45 NY2d 852 [1978]; People v Wooten, 283 AD2d 931, 933 [2001], lv denied 96 NY2d 943 [2001]; People v Colon, 138 AD2d 392, 393 [1988], lv denied 72 NY2d 956 [1988]). The record before this Court is inadequate to make a determination of defendant’s ineffective assistance claim because of counsel’s failure to make a speedy trial motion. Where, as here, no pretrial motion or motion to withdraw the plea or to vacate the conviction has been made to the trial court, this issue is properly raised through a CPL article 440 motion, not on direct appeal (see People v Carroll, 299 AD2d 572 [2002], lv denied 99 NY2d 626 [2003]; People v Garcia, 187 AD2d 868, 868 [1992], lv denied 81 NY2d 885 [1993]).
Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.