■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRAYLING ST. LOUIS, Appellant. [838 NYS2d 215]—

Peters, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered November 22, 2005, upon a verdict convicting defendant of the crimes of attempted assault in the second degree and menacing in the third degree and the violation of harassment in the second degree.

On September 21, 2004, defendant was charged, by criminal court information, with menacing in the third degree and harassment in the second degree arising out of a domestic dispute. By motion dated December 28, 2004, the People sought an adjournment of the local criminal court matter so that these charges could be presented to a grand jury. Thereafter, a three-count indictment was handed down on March 22, 2005, contain-

ing the original charges of menacing in the third degree and harassment in the second degree, and further charging defendant with the felony of attempted assault in the second degree. The People declared their readiness for trial on that day and on April 26, 2005 when defendant was arraigned.

Following a jury trial, defendant was convicted of all three counts and was thereafter sentenced to, among other things, 90 days of incarceration to be followed by five years of probation. He now appeals contending, among other things, that his trial counsel's failure to move to dismiss the charges against him on speedy trial grounds rendered his representation ineffective.

It is well settled that a failure of counsel to assert a meritorious statutory speedy trial claim is, by itself, a sufficiently egregious error to render a defendant's representation ineffective (*see People v White*, 229 AD2d 610, 610-611 [1996]; *People v Jackson*, 172 AD2d 874, 875 [1991], *lv denied* 78 NY2d 923 [1991]). Computation under CPL 30.30 is determined by the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness for trial, less any excusable delays (*see People v Cortes*, 80 NY2d 201, 208 [1992]; *People v Chevalier*, 226 AD2d 925, 928 [1996], *lv denied* 88 NY2d 934 [1996]). Here, the initial criminal court information, which charged defendant with a class B misdemeanor and a violation, required that the People be ready for trial within 60 days of its issuance (*see* CPL 30.30 [1] [c]). With respect to the felony count, the speedy trial clock began at the same time as the prior two charges—September 21, 2004 (*see People v Lomax*, 50 NY2d 351, 355-356 [1980]; *People v Brown*, 23 AD3d 703, 705 [2005], *lv denied* 6 NY3d 810 [2006]) requiring that the People be ready for trial on March 21, 2005 in accordance with the six-month time frame set forth in CPL 30.30 (1) (a). As defendant made a prima facie showing that the People failed to comply with CPL 30.30 with respect to both time frames concerning all three charges, the burden shifted to the People to demonstrate sufficient excludable time (*see People v Grey*, 257 AD2d 685, 687 [1999]).

The People assert, and we agree, that the record before us is insufficient to determine if there was any excludable time. While the People also contend that such issue must be addressed by a CPL article 440 motion, we disagree. The issue may well be raised by this means if defendant had entered a plea (*see People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]), but where, as here, there is an appeal from a verdict which raises a number of issues that must be determined upon direct

appeal, the more appropriate resolution is to remit the matter to County Court for an assignment of new counsel so that defendant's speedy trial claim can be further explored (*see People v Grey, supra* at 687; *People v Pickens*, 216 AD2d 631, 632 [1995]; *People v Thomas*, 200 AD2d 866, 867 [1994]). Thus, this appeal must be held in abeyance while the matter is remitted to County Court for both an assignment of new counsel and a hearing to determine defendant's speedy trial claim.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision.