THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS R. DEVINO, Appellant. [973 NYS2d 372]—

Spain, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered December 20, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

A Washington County grand jury handed up a four-count sealed indictment in October 2011 charging defendant with criminal sale and possession of controlled substances occurring in September and November 2010. An arrest warrant was issued and provided to the State Police, who for well over six months were reportedly unable to locate defendant, who had relocated, until he was arrested during a traffic stop in Chautauqua County, where he had been residing. He was arraigned on the indictment on June 14, 2012. Defendant retained new counsel, who made various omnibus motions.[1] Defendant again retained new counsel and ultimately entered a guilty plea to criminal possession of a controlled substance in the third degree. He waived his right to appeal during the plea colloquy, orally and in a written waiver signed in open court. Defendant later moved to withdraw his plea, arguing that his statutory speedy trial rights had been violated by the postindictment delay (*see* CPL 30.30 [1] [a]). Defendant also contended that prior trial counsel had been ineffective in failing to make a pretrial motion to dismiss the indictment on this ground, rendering his plea involuntary and invalid. County Court denied defend-

---

1. Contrary to the People's claim on appeal, defendant's omnibus motion raised only a due process delay in prosecution claim under *People v Singer* (44 NY2d 241 [1978]), which County Court denied. The defense did not, at that time, effectively raise a statutory speedy trial claim under CPL 30.30.

ant's motion and imposed the agreed-upon sentence of three years in prison with two years of postrelease supervision. Defendant now appeals.

"By pleading guilty [and voluntarily waiving his appeal rights], defendant is precluded from [directly] raising his claims that he was denied his CPL 30.30 statutory right to a speedy trial" (*People v Irvis*, 90 AD3d 1302, 1303 [2011], *lv denied* 19 NY3d 962 [2012]; *see People v O'Brien*, 56 NY2d 1009, 1010 [1982]; *People v Slingerland*, 101 AD3d 1265, 1267 [2012], *lv denied* 20 NY3d 1104 [2013]; *People v Cain*, 24 AD3d 889, 890 [2005], *lv denied* 7 NY3d 753 [2006]) and, further, this statutory claim was not preserved by a pretrial motion to dismiss the indictment on this ground (*see* CPL 210.20 [2]; *People v Garcia*, 33 AD3d 1050, 1051 [2006], *lv denied* 9 NY3d 844 [2007]). However, defendant also argues—as he specifically alleged in his motion to withdraw his plea—that he would not have entered a guilty plea had counsel advised him that he had a meritorious speedy trial claim, which he argues he possesses, and that counsel's failure to move to dismiss the indictment on this basis constituted ineffective assistance.

While a claim of ineffective assistance of counsel is generally foreclosed by a valid appeal waiver, such as defendant executed here, such a claim survives that waiver to the extent that a defendant alleges that counsel's ineffectiveness impacted upon the voluntariness of his or her guilty plea (*see People v Trombley*, 91 AD3d 1197, 1201 [2012], *lv denied* 21 NY3d 914 [2013]; *People v Garland*, 69 AD3d 1122, 1123 [2010], *lv denied* 14 NY3d 887 [2010]; *People v Williams*, 6 AD3d 746, 748 [2004], *lv denied* 3 NY3d 650 [2004]; *see also People v Marshall*, 66 AD3d 1115, 1116 [2009]; *contrast People v Lane*, 1 AD3d 801, 802-803 [2003], *lv denied* 2 NY3d 742 [2004] [the defendant entered guilty plea/appeal waiver while omnibus motion raising statutory speedy trial claim was pending, thus precluding that claim as well as the issue of counsel's ineffectiveness for failing to pursue it, as the claim did not impact the voluntariness of the plea]). Here, defendant's ineffectiveness of counsel claim was preserved by his motion to withdraw his plea and adequately alleges that it impacted the voluntariness of his plea and appeal waiver, so as to survive both (*see People v Johnson*, 288 AD2d 501, 502 [2001]; *cf. People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]). Thus, we address defendant's speedy trial claim in the context of ascertaining whether he was deprived of meaningful representation, mindful that "[a] single error of failing to raise a meritorious speedy trial claim [may be] sufficiently egregious to amount to ineffective assistance of counsel" (*People v Garcia*,

33 AD3d at 1052; *see People v Obert*, 1 AD3d at 632; *People v Johnson*, 288 AD2d at 502).

The People concede that they were not ready for trial within six months after the commencement of this felony criminal action on October 20, 2011, the date on which the indictment was filed (*see* CPL 1.20 [16]); indeed, they did not announce their readiness for trial until June 14, 2012,[2] when defendant was arraigned on the indictment, almost eight months after commencement (*see* CPL 30.30 [1] [a]; *People v Farkas*, 16 NY3d 190, 193 [2011]). Thus, had counsel made a pretrial motion to dismiss the indictment on this ground, defendant would have been found to have carried his initial burden of demonstrating that the People declared their readiness for trial after the statutory six-month period, thereby shifting the burden to the People to demonstrate that sufficient periods of the delay were excludable (*see People v Cortes*, 80 NY2d 201, 207 n 3 [1992]; *People v Robinson*, 67 AD3d 1042, 1044 [2009], *lv denied* 13 NY3d 910 [2009]; *People v St. Louis*, 41 AD3d 897, 898 [2007]). In response, in opposing defendant's motion to withdraw his guilty plea, the People argued that they were ready for trial on a timely basis on the ground that the postindictment delay here would be excluded by statute in calculating the period in which they were required to be ready for trial, as it was attributable to defendant's "absence or unavailability,"[3] given that his "location [was] unknown" during that period and "[could] [ ]not be determined by due diligence" (CPL 30.30 [4] [c] [i]; *see People v Luperon*, 85 NY2d 71, 77-78 [1995]; *People v Brossoit*, 256 AD2d 919, 919-920 [1998]).

The determination of "whether the People have exercised diligence in locating an individual is a mixed question of law and fact" (*People v Luperon*, 85 NY2d at 78) and, "although minimal efforts are not sufficient to satisfy due diligence" (*People v Grey*, 259 AD2d 246, 248 [1999], *lv denied* 94 NY2d 880 [2000]), "the police are not obliged to search for a defendant indefinitely *as*

**2.** While the record contains a "Demand" document from the People dated October 20, 2011 (the date the indictment was filed) stating their readiness for trial, and under certain circumstances "a prearraignment statement of readiness can be valid" (*People v Carter*, 91 NY2d 795, 798 [1998]), the People do not argue that this constituted a valid statement of readiness. Further, the document does not establish that it was actually sent to defense counsel at that time (counsel is not named and it is not clear that defendant had counsel at that time, when he was unaware of the indictment), or sent to and filed by the court clerk at that time, as it bears a court clerk date stamp of June 14, 2012, the arraignment date (*see People v Kendzia*, 64 NY2d 331, 337 [1985]).

**3.** The People do not contend that defendant was attempting to avoid apprehension during this period.

*long as they exhaust all reasonable investigative leads* as to his [or her] whereabouts" (*People v Delaronde*, 201 AD2d 846, 848 [1994] [emphasis added]). Defendant averred that during the relevant time period, he had—in early 2011—moved and leased an apartment and resided in the Village of Silver Creek, Chautauqua County, an address he registered with the County Clerk's office, the Department of Motor Vehicles, state and federal taxing authorities, the State Child Support Processing Center, the United States Postal Service, the local utility company, and the community college he attended, with documentation provided. In response to defendant's motion to withdraw his plea, the People submitted only an affidavit of an Assistant District Attorney, acknowledging that the State Police received the arrest warrant for defendant the day he was indicted and indicating that the State Police "commenced [unspecified] efforts" to locate defendant and were aware he had moved away; the People did not detail any specific efforts undertaken to locate defendant or submit any documentation. The People merely stated, in conclusory fashion, that while defendant's relocation to another area of the state "remained within the jurisdiction of the New York State Police," it was "outside the assignment zone of the [assigned State Police] investigating unit and, therefore, searches depended upon the assistance of outside officers" and that unspecified "[e]fforts were unsuccessfully made in locating defendant at governmental agencies including support collection." However, police were obligated to diligently utilize "available law enforcement resources" and cannot exclude the delay time by relying on implicit "resource-allocation choices" (*People v Luperon*, 85 NY2d at 80-81). The People's fleeting description of the efforts made to locate defendant fell far short of "all reasonable efforts to enforce judicially issued warrants" (*id.* at 80) required to satisfy the "due diligence" standard (CPL 30.30 [4] [c] [i]). As such, the People failed to meet their burden of establishing the statutory exclusion for this postindictment prereadiness delay (*see People v Robinson*, 67 AD3d at 1044). Accordingly, all of this unready time would be chargeable to the People (*see People v Luperon*, 85 NY2d at 78-81; *People v Devore*, 65 AD3d 695, 697 [2009]).

Having established that defense counsel failed to make a meritorious statutory speedy trial claim in a motion to dismiss the indictment, we agree with defendant that he was denied meaningful representation and that his motion to withdraw his guilty plea should have been granted on this ground. Since further prosecution on this indictment is not possible due to the impermissible postindictment delay, the indictment must be dismissed.

Stein, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law and the facts, motion to withdraw the plea granted, and indictment dismissed.