■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE GRANT, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (De Maro, J.), rendered June 30, 1986, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the People improperly bolstered a witness's lineup identification testimony *(see, People v Trowbridge,* 305 NY 471). Since the defendant conceded that it was he who was involved in a physical struggle with the complainant, identification was not in issue at trial, and in light of the overwhelming evidence of guilt, any possible error must be deemed harmless *(see, People v Crimmins,* 36 NY2d 230, 242).

The defendant also attributes prejudicial error to certain of the prosecutor's summation remarks. None of these alleged errors has been properly preserved for appellate review in view of the failure of the defense counsel to timely object to them at trial *(see,* CPL 470.05 [2]). Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE GRANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kriendler, J.), rendered September 30, 1986, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

None of the defendant's claims of error with regard to the allegedly prejudicial remarks made by the prosecutor during summation are preserved for appellate review (CPL 470.05 [2]; *see, People v Medina,* 53 NY2d 951, 953). Nor was the defendant deprived of a fair trial by those comments of which he now complains *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

Finally, the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.