■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PARIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 22, 1988, convicting him of manslaughter in the second degree (two counts), assault in the second degree, and operating a motor vehicle under the influence of alcohol, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The charges against the defendant arose from an automobile accident during which the defendant drove his automobile over a highway divider into oncoming traffic, resulting in the death of two people and serious injuries to another person. At the trial, the People presented evidence that after the accident, the breathalyzer test taken by the defendant showed that the defendant had a .16 blood-alcohol level, which exceeded the legal limit of .10 (see, Vehicle and Traffic Law § 1192). In addition, the People introduced into evidence a videotape of a series of coordination tests which were administered to the defendant about five minutes after the breathalyzer test.

Contrary to the defendant's contention, the trial court did

not improvidently exercise its discretion by precluding the defendant's expert from testifying that, in his opinion, the videotaped coordination tests established that the results of the breathalyzer test were not accurate *(see, People v Cronin,* 60 NY2d 430; *People v Randt,* 142 AD2d 611). In any event, any error in limiting the testimony of the defendant's expert did not prejudice the defendant. The defendant's expert was permitted to testify that individuals with a blood-alcohol level of .16 would not be able to perform the coordination tests executed by the defendant, in that such individuals could not touch their finger to their noses, and would begin to fall over when they were asked to perform the balance test.

None of the defendant's claims of error with regard to the allegedly prejudicial remarks made by the prosecutor during summation and by the trial court during its charge are preserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953; *People v Grant,* 148 AD2d 632). In any event, the remarks made by the prosecutor were within the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105, 109; *People v Thomas,* 147 AD2d 510) and were a "fair response to defense counsel's summation and did not deny the defendant due process" *(People v Rosario,* 142 AD2d 743; *see, People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912). Additionally, the trial court neither misstated the prosecutor's argument nor compounded any of the alleged errors made by the prosecutor on summation. Moreover, any errors alleged to have been committed by the prosecutor or the trial court were harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241-242). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.