■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WALDEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered December 3, 1987, convicting him of robbery in the first degree, burglary in the second degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court properly denied his motion pursuant to CPL 330.30 without conducting an evidentiary hearing. In support of the motion, counsel submitted an affirmation asserting that the complaining witness had misrepresented her status as a recipient of public assistance by stating during her direct testimony that

she had received assistance for only "a couple of months" when, according to counsel, she had been receiving public assistance for a number of years. Counsel's affirmation, which attributed this information to an individual identified only as a "Mr. Green, Queensbridge Houses", failed to explain why this statement could not have been obtained prior to the rendition of the jury's verdict, and contained no elaboration of precisely how its introduction into evidence would have resulted in a verdict "more favorable to the defendant" (CPL 330.30 [3]). In light of the foregoing, and since the "new" material was intended solely to impeach the testimony of the complaining witness with respect to a collateral matter, the court properly denied the motion without a hearing *(see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Fielder,* 154 AD2d 388, 389; *People v Johnson,* 113 AD2d 900; *People v Malave,* 104 AD2d 828).

The defendant also attributes prejudicial error to certain of the prosecutor's summation remarks and to the court's charge to the jury regarding the resolution of discrepancies in the testimony. Any issues of law with respect to these alleged errors have not been preserved for appellate review in light of the defense counsel's failure to register timely objections at trial *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Grant,* 148 AD2d 632).

Further, the sentence imposed was not excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.