■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSH FONFRIAS, Appellant. [612 NYS2d 421] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 8, 1991, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a

matter of discretion in the interest of justice, and a new trial is ordered.

The defendant's contention that the prosecution's witnesses were incredible as a matter of law, and that their testimony was legally insufficient to establish his guilt beyond a reasonable doubt, is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

However, we agree with the defendant's contention that he was deprived of a fair trial by the trial court's ruling precluding him from offering evidence that a different individual had confessed to being the shooter. The defendant was convicted of shooting and killing one Paul Giordano. At trial, the defendant sought to introduce evidence that another man, George Correa, had, on four separate occasions, confessed to the shooting. The trial court, however, refused to allow any testimony concerning Correa's confessions into evidence finding that there was no independent evidence to assure the trustworthiness of these declarations. Contrary to the finding of the trial court, we find that Correa's confessions met the fourfold requirements for admission into evidence as declarations against penal interest, and the jury should have been permitted to hear this critical testimony (see, People v Settles, 46 NY2d 154, 167).

First, Correa was unavailable as a witness since he invoked his privilege against self-incrimination and refused to testify when called to the stand by defense counsel. Second, no legitimate argument can be made that Correa was not cognizant that his confessions to the murder of Paul Giordano were "adverse to his penal interest". Third, Correa's confessions demonstrated a first-hand knowledge of the specific facts surrounding the murder. Correa's factual recitations paralleled those of other prosecution witnesses.

Lastly, there existed clearly sufficient independent evidence of the trustworthiness of Correa's statements for submission to the jury. Several of the People's witnesses who were present at the time of the shooting placed Correa at the murder scene. One of the People's witnesses, Matilda Martinez, stated that she observed Correa with a gun in his hand chasing after the decedent. A second prosecution witness, Leigh Jackson, identi-

fied Correa, not the defendant, as the shooter when Jackson first spoke to an investigating detective. While he subsequently recanted this testimony, stating that he had been lying to protect the defendant, his friend, he nonetheless maintained that Correa was at the murder scene with a gun.

On four separate and distinct occasions, Correa stated that he and not the defendant had shot Paul Giordano. Correa made these declarations to an individual named Richard Guzman a day after the shooting; he subsequently repeated them to several members of the defendant's family and, yet again, to an investigating detective after having been advised of his *Miranda* rights. These declarations were each made within a short time after the crime, and at least two of the declarations were taped. "The sheer number of independent confessions provided additional corroboration for each" *(Chambers v Mississippi,* 410 US 284, 300).

While Correa subsequently recanted, claiming that he confessed to the crime because he was the defendant's friend and had been pressured by the defendant's family, there clearly were sufficient indicia of reliability to allow the jury, as the finders of fact, to hear evidence of the four earlier confessions, and to analyze and weigh this evidence, with all other relevant evidence, in reaching its determination.

Declarations against penal interest offered to inculpate a defendant are subject to a higher standard of "exacting scrutiny" for their admission than are declarations offered to exculpate a defendant *(see, People v Thomas,* 68 NY2d 194, *cert denied* 480 US 948). Third-party statements used against the accused may be admitted only when competent independent evidence is presented to establish that the declaration was spoken under circumstances which renders it *highly probable* that it is truthful *(People v Brensic,* 70 NY2d 9, 14-15). Declarations which exculpate a defendant, however, as in the case at bar, are subject to a more lenient standard. "Supportive evidence is sufficient if it establishes a *reasonable possibility* that the statement *might* be true" *(People v Settles,* 46 NY2d 154, 169-170, *supra).* Here, it cannot be said that there was not, at the very least, a reasonable *possibility* that Correa's confessions to the shooting *might* be true. Accordingly, these declarations should have been heard by the jury. The error in barring their admission was exacerbated when the prosecutor was permitted, over objection, to make repeated references in his summation to the fact that there was no evidence to support the defendant's claim that George Correa was the shooter. The failure to admit Correa's declara-

tions against penal interest cannot be considered merely harmless error in this case *(see, Chapman v California,* 386 US 18, 24; *People v Smith,* 195 AD2d 112).

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.