■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERYL TONI STEVENS, Appellant. [622 NYS2d 781] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered March 24, 1992, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the codefendant stabbed the defendant's sister-in-law to death, and each made several different statements to the police. At her trial, the defendant sought to admit into evidence, as a declaration against penal interest, the videotaped statement of the codefendant. In this statement, the codefendant confessed that he committed the murder, explained that the defendant's only participation in the crime was in handing him a knife, and claimed that he attacked the victim only because he momentarily experienced a flashback and believed her to be a Vietnamese soldier attacking him.

Contrary to the defendant's contention, the court properly exercised its discretion in excluding the codefendant's statement as unreliable (see, People v Brensic, 70 NY2d 9; People v Thomas, 68 NY2d 194, cert denied 480 US 498; People v Settles, 46 NY2d 154). The codefendant subsequently recanted the statement at his own trial, gave sworn testimony that the statement was an attempt to minimize his criminal culpability, and further inculpated the defendant. The defendant did not, as the proponent of the declaration, meet her burden of presenting adequate independent evidence to assure the reliability and trustworthiness of the videotaped statement (see, People v Settles, supra).

The defendant correctly notes that less exacting standards must be applied where, as here, the declaration is offered by a defendant to exculpate herself, as distinguished from a declaration offered by the People to inculpate the defendant *(see, People v Brensic, supra; People v Thomas, supra; People v Fonfrias,* 204 AD2d 736). Nonetheless, in light of the codefendant's recantation and lack of evidence to support his videotaped account of the crime, there was no "reasonable possibility" that the videotaped statement "might be true" *(see, People v Settles, supra,* at 169-170). Moreover, given the codefendant's motive to minimize his culpability, the statement was not sufficiently against his penal interest to qualify for admission into evidence under this exception to the hearsay rule *(see, People v Brensic, supra; People v Morgan,* 76 NY2d 493).

The defendant's remaining contentions are either without merit or do not require reversal. Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.