■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK R. JOHNSON, Appellant. [641 NYS2d 148] —Casey, J. Appeal, by permission, from an order of the County Court of Broome County (Mathews, J.), entered August 22, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of violation of probation, without a hearing.

In February 1991, defendant was convicted of the crime of criminal mischief in the second degree arising out of his harassment of a female victim. After his release on probation, defendant was found guilty of violating the terms thereof due to his continued harassment of the victim, having written and forged her signature on a letter answering a third-party's personal advertisement in the local newspaper. As a result, defendant was resentenced to a prison term of $2^{1}/_{3}$ to 7 years. This Court affirmed the judgment revoking defendant's probation and resentencing him to a period of incarceration (208 AD2d 1051, *lv denied* 85 NY2d 910). Defendant then made a motion pursuant to CPL 440.10 for vacatur of the judgment of conviction. The motion was denied by County Court and defendant appeals.

It is defendant's contention that his judgment of conviction

should have been vacated because defense counsel was not given certain information that could have been used to impeach State Police Investigator Robert Lishansky, the officer who testified as a fingerprint expert for the prosecution at defendant's violation of probation hearing. Lishansky subsequently confessed and was convicted of tampering with fingerprint and other evidence in unrelated cases. It is defendant's contention that Lishansky's knowledge of his past misdeeds is imputable to the prosecution and that the failure to communicate this information mandates vacatur of his judgment of conviction.

It is well settled that the People have a duty to disclose exculpatory material in their control to the defense (*see, Brady v Maryland*, 373 US 83, 87; *People v Simmons*, 36 NY2d 126, 131-132). This principle has been extended in this State by the ruling that knowledge of illegal conduct by police officers is imputable to the prosecution even in cases where the People are unaware of such malfeasance, when the conduct directly involves the investigation or prosecution of the defendant's case (*see, People v Robertson*, 12 NY2d 355, 359-360). The rule is different, however, where, as here, the defendant's claim is limited to the police officer's collateral "bad acts" and their potential use for impeachment purposes. A police officer's secret knowledge of his own prior illegal conduct in unrelated cases will not be imputed to the prosecution for *Brady* purposes where the People had no knowledge of the corrupt officer's "bad acts" until after the defendant's trial (*see, People v Vasquez*, 214 AD2d 93, 100-101). The Court noted in *People v Vasquez* (*supra*) that even if such nondisclosure were to constitute a *Brady* violation, the violation would be deemed harmless where the defense had made no specific request for the information in question and where there was a reasonable probability that the evidence, if it had been disclosed to the defense, would not have changed the outcome of the prosecution (*supra*, at 101).

Applying these rulings to the instant matter, we find that Lishansky's misconduct cannot be attributed to the People in their prosecution of defendant's case. There is no suggestion that Lishansky was guilty of misconduct in his analysis of the evidence adduced against defendant in this case. There is, in addition, no suggestion that the People knew of Lishansky's misconduct in cases unrelated to defendant's, nor is there any indication that the defense at any time requested such information. Finally, we find that even if information regarding Lishansky's malfeasance in other cases had been disclosed,

such impeachment information would not have had an impact upon the outcome of defendant's case, given the other compelling evidence of his guilt. We conclude that County Court's denial of defendant's motion pursuant to CPL 440.10 was proper.

Cardona, P. J., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed.