■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. WHITE, Appellant. [645 NYS2d 562] —White, J. Appeal from a judgment of the County Court of Sullivan County (Vogt, J.), rendered September 30, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree (16 counts), sodomy in the second degree (16 counts) and sexual abuse in the first degree (six counts).

On June 5, 1991, defendant, a certified foster parent in Sullivan County, was charged in a 49-count indictment with various charges of sodomy, sexual abuse, rape and endangering the welfare of a child. The People served a notice of readiness for trial on defendant on June 6, 1991 and defendant was subsequently released on bail. On September 6, 1991, defendant made an omnibus motion requesting, *inter alia*, an inspection of the Grand Jury minutes and dismissal of the indictment for insufficient evidence. In a decision dated January 17, 1992, County Court (Lalor, J.) granted defendant's motion for an in camera inspection of the Grand Jury minutes, directing the People to provide same to the court. County Court reserved decision as to dismissal of the indictment pending review of the Grand Jury minutes. On February 18, 1993, the Chief Clerk notified the parties that the trial would be scheduled for May 24, 1993 before County Court (Bovina, J.), but shortly thereafter the matter was rescheduled due to the unavailability of the court. On March 30, 1993, the parties were advised that the trial would begin on August 16, 1993 before County Court (Kepner, Jr., J.). The jury trial in County Court (Vogt, J.) commenced on August 18, 1993 and defendant was found guilty of 38 of the 40 counts submitted to the jury.

Defendant argues on this appeal that he was denied his statutory right to a speedy trial. However, since his trial counsel never moved to dismiss the indictment on this ground prior to trial pursuant to CPL 210.20 (1) (g) and (2), defendant has waived his right to a dismissal on statutory speedy trial grounds (*see, People v Lawrence*, 64 NY2d 200, 203-204; *People v Pitcher*, 182 AD2d 878, 879, *lv denied* 80 NY2d 933).

Defendant further argues, however, that his trial counsel's failure to raise the speedy trial issue in County Court prior to trial constitutes ineffective assistance of counsel. It has been held that where a defendant would have had a meritorious statutory speedy trial claim, the failure of counsel to make such a motion is sufficiently egregious to constitute a denial of meaningful representation (*see, People v Thomas*, 210 AD2d

736, 737; *People v Jackson*, 172 AD2d 874, 875, *lv denied* 78 NY2d 923). It appears from the record that although the People were ordered on January 17, 1992 to provide County Court with a copy of the Grand Jury minutes to enable it to rule on defendant's motion to dismiss, these minutes were never produced and no decision was ever rendered on defendant's motion. The People submit that this apparent oversight neither impinged on their readiness for trial nor prevented the case from moving forward to trial. The People further contend that there is nothing in the record which indicates any delay in scheduling for any reason other than complying with discovery requests and calendar congestion, which was a result of the monthly rotation of Judges from other counties.

Although it is evident that there were significant scheduling problems and court congestion because of the lack of a County Judge in Sullivan County during the period in question, there are certain time, delays which are unexplained. On the record before us we cannot determine what effect the People's failure to provide County Court with the Grand Jury minutes had in delaying the commencement of the trial and what, if any, post-readiness delay should be chargeable to the People. Therefore, this matter should be remitted for a hearing before County Court for further development of the record on this issue (*see, People v Dearstyne*, 215 AD2d 864; *People v Pivoda*, 186 AD2d 875).

Defendant's remaining contentions merit little discussion. We find no error in allowing the testimony of Donna Zulch, a certified social worker, without a *Frye* hearing. The admission of this expert testimony to explain the behavior of a child victim of sexual abuse that might appear unusual to an average juror was proper. It was offered merely to explain symptoms of child sexual abuse and in no way attempted to prove that the victims were actually abused (*see, People v Weaver*, 222 AD2d 1046; *People v Shay*, 210 AD2d 735, *lv denied* 85 NY2d 980).

Although the People failed to turn over *Brady* material regarding exculpatory Grand Jury testimony of one of the victims until the eve of trial, defense counsel did not request an adjournment or continuance to investigate the matter and was given a full opportunity to utilize the prior testimony during trial. Defendant was found not guilty of the counts of the indictment concerning this victim and there has been no showing that the results of the trial would have been different had the victim's Grand Jury testimony been disclosed sooner (*see, People v Vilardi*, 76 NY2d 67, 77; *People v Cortijo*, 70 NY2d 868, 870).

As to defendant's motion to set aside the verdict pursuant to CPL 330.30 (3) alleging the discovery of new evidence, it appears that the proffered new evidence was solely to impeach and discredit one of the victims on a collateral matter and it is within the discretion of County Court to deny a motion of this type without a hearing (*see, People v White*, 166 AD2d 910, *lv denied* 76 NY2d 992; *People v Walden*, 162 AD2d 745, 746, *lv denied* 76 NY2d 945).

Crew III, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.