■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRELL CLINKSCALEAS, Respondent. [849 NYS2d 798]—Appeal by the People from an order of the County Court, Nassau County (Berkowitz, J.), dated November 28, 2006, which granted the defendant's motion pursuant to CPL 330.30 (3) to set aside a jury verdict convicting him of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, on the ground of newly-discovered evidence.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Nassau County, for an evidentiary hearing and determination before a different Judge.

In order for a defendant to prevail on a CPL 330.30 (3) motion for a new trial based upon newly-discovered evidence, it must appear, inter alia, that the newly-discovered evidence is of such a nature that a different verdict would probably occur, and such proof must not be cumulative or merely impeach or contradict evidence introduced at the trial (*see People v Salemi*, 309 NY 208, 216 [1955], *cert denied* 350 US 950 [1956]; *People v Serrata*, 261 AD2d 490 [1999]).

Upon our review of the record, we find it was inadequate to make a reasoned determination as to the existence or absence of the aforementioned factors. Accordingly, it was error to grant the motion without holding a full evidentiary hearing (*see* CPL 330.40; *cf. People v Salemi*, 309 NY 208 [1955], *cert denied* 350 US 950 [1956]; *People v Walden*, 162 AD2d 745 [1990]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.