■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL CLINKSCALEAS, Appellant. [912 NYS2d 260]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J., at trial; Carter, J., at sentence), rendered October 7, 2008, convicting him of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Nassau County, for a new trial.

Jose Benitez allegedly was robbed and beaten on July 10, 2005, in Roosevelt, New York. A few days later, he died in the hospital due to a subdural hematoma caused by blunt instrument trauma to his head. The defendant and two codefendants, Hesekia McConneghey and Eric Smith, were arrested and charged with felony murder in connection with the attack on Benitez. The defendant went to trial in June 2006.

At the defendant's trial, Dennis Foster testified for the People as a witness to the crimes, implicating the defendant, McConneghey, and Smith. The People also submitted a written statement by the defendant, taken while he was in custody, in which he admitted that he, McConneghey, and Smith attacked Benitez. During the defense case, the County Court denied the defendant's application to offer evidence that another man, Rodney McClean, who had asserted his privilege against self-incrimination and refused to testify when called by defense counsel, had declared to a third party that he had beaten Benitez with a baseball bat and robbed him. The jury returned a verdict of guilty on all counts against the defendant.

Several days later, Foster approached the prosecutor and told

him that he had lied about seeing the defendant and the other two men beating up Benitez. Thereafter, the prosecutor interviewed Foster on videotape, under oath, with his attorney present. During this interview, Foster recanted his trial testimony. Defense counsel subsequently filed a motion pursuant to CPL 330.30 to set aside the verdict based upon the newly discovered evidence of Foster's recantation. The People opposed the motion, arguing that Foster's recantation was unreliable and incredible.

On November 28, 2006, the County Court, after considering the videotaped interview and the parties' submissions, summarily granted the defendant's motion, set aside the verdict, and ordered a new trial. The People appealed, and in an order dated February 5, 2008, this Court reversed and remitted the matter to the County Court for a full evidentiary hearing on the motion for a new trial based upon newly discovered evidence (*see People v Clinkscaleas*, 48 AD3d 474 [2008]). A full evidentiary hearing was subsequently held, after which the County Court denied the defendant's motion for a new trial based upon newly discovered evidence, and the matter proceeded to sentencing.

On this appeal, the defendant contends that he was deprived of a fair trial by the County Court's denial of his application to offer evidence, through a third party, that McClean had declared that he had beaten Benitez with a baseball bat and robbed him. We agree.

"[B]efore statements of a nontestifying third party are admissible as a declaration against penal interest, the proponent must satisfy the court that four prerequisites are met: (1) the declarant must be unavailable to testify by reason of death, absence from the jurisdiction, or refusal to testify on constitutional grounds; (2) the declarant must be aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability" (*People v Brensic*, 70 NY2d 9, 15 [1987]). "Declarations against penal interest offered to inculpate a defendant are subject to a higher standard of 'exacting scrutiny' for their admission than are declarations offered to exculpate a defendant (*see, People v Thomas*, 68 NY2d 194, *cert denied* 480 US 948). Third-party statements used against the accused may be admitted only when competent independent evidence is presented to establish that the declaration was spoken under circumstances which renders it *highly probable* that it is truthful

(*People v Brensic*, 70 NY2d 9, 14-15). Declarations which exculpate a defendant, however, as in the case at bar, are subject to a more lenient standard. 'Supportive evidence is sufficient if it establishes a *reasonable possibility* that the statement *might* be true' (*People v Settles*, 46 NY2d 154, 169-170 . . . )" (*People v Fonfrias*, 204 AD2d 736, 738 [1994]). In addition, "[d]epriving a defendant of the opportunity to offer into evidence another person's admission to the crime with which he or she has been charged, even though that admission may only be offered as a hearsay statement, may deny a defendant his or her fundamental right to present a defense" (*People v Gibian*, 76 AD3d 583, 585 [2010], citing *Chambers v Mississippi*, 410 US 284, 302 [1973]).

Here, the statement offered by the defendant satisfied the four prerequisites. McClean was unavailable to testify because of his refusal to testify on constitutional grounds, his statement was clearly and unambiguously against his penal interest, McClean admitted his own participation in the attack, and there is a reasonable possibility that the statement may be true. Although McClean did not say that he acted alone, contrary to the County Court's conclusion, his statement was exculpatory of the defendant, as it was at odds with Foster's trial testimony and the defendant's statement to the police, which indicated that only the defendant, McConneghey, and Smith took part in the attack. Accordingly, McClean's declaration should have been heard by the jury, and the failure to admit it cannot be considered harmless error under the circumstances of this case (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]).

Additionally, although the issue was not preserved for appellate review, we note that the County Court failed to give meaningful supplemental instructions in response to the jury's question about the voluntariness of the defendant's confession (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]; *People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]). Further, evaluating the County Court's main charge as a whole (*see People v Woods*, 41 NY2d 279 [1977]), its instructions on the voluntariness of the confession did not adequately convey the factors the jury was to consider in making this assessment. Under the circumstances of this case, where the defendant was 16 years old at the time of the confession and the confession was made after the defendant had been held at the police station overnight while handcuffed to a chair and subjected to repeated questioning, we believe that the court should have instructed the jury to consider the factors contained in the "expanded charge" on traditional voluntariness (*see* CJI2d[NY] Statements [Admissions, Confessions]).

In light of our determination, we need not consider the defendant's remaining contentions. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.