People v Christiano (2022 NY Slip Op 05893)

People v Christiano

2022 NY Slip Op 05893

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

110838
[*1]The People of the State of New York, Respondent,
v
Richard A. Christiano Jr., Appellant.

Calendar Date:September 7, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Karen A. Heggen, Special Prosecutor, Ballston Spa (John B. Latella III of counsel), for respondent.

Aarons, J.P.
Appeal from a judgment of the County Court of Fulton County (Polly A. Hoye, J.), rendered June 14, 2018, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree (two counts).
In 2011, a police officer, who worked on a part-time basis for the Galway Police Department, sold an interest in a gun store to defendant. After defendant failed to meet his ownership obligations, the officer repossessed the store and took steps to auction the inventory therein. During this process, it was discovered that defendant had removed guns from the store and sold them. In connection therewith, defendant was charged by indictment with multiple crimes. In January 2018, a jury trial was held, in which the officer was one of the People's witnesses. Following the trial's conclusion, defendant was convicted of two counts of grand larceny in the fourth degree. Defendant moved to set aside the verdict under CPL 330.30, and County Court denied the motion. Defendant thereafter sought to renew his motion on the basis that the officer, in April 2018, had been charged with multiple counts of offering a false instrument for filing in the first degree. The court permitted defendant to renew his motion but nonetheless denied it. Defendant was subsequently sentenced to concurrent terms of five years of probation. Defendant appeals.
Turning first to the Brady violation claim, defendant contends that the People failed to disclose evidence of the officer's submission of fraudulent records to the Galway Police Department. Defendant, however, mischaracterizes the evidence known to County Court at the time it made its Brady ruling. The record reflects that, approximately one week prior to the start of trial, the People submitted a letter addressed to County Court and copied to defense counsel advising them that the Attorney General was in the midst of an investigation of the Galway Police Department, among other police departments, and that the officer had been interviewed as part of that investigation. After the trial commenced and before the officer was called as a witness, the prosecutor provided additional information that the officer became accredited as a field training officer and that the certificate for such accreditation reflected that the officer underwent a certain number of training hours.[FN1] The prosecutor, however, further advised that, due to the small number of enrollees in the officer's training class, the officer completed less hours of training than what was reflected in the certificate. The prosecutor noted that the officer represented to her that he did not modify or forge the certificate. Although the officer was eventually charged in a felony complaint with three counts of offering a false instrument for filing in the first degree stemming from the discrepancy in the training hours that were certified and the training hours that the officer actually completed, the officer was not charged until after the jury reached its verdict. That [*2]said, based upon what information was provided at the time of trial, the court correctly concluded that this evidence was not Brady material requiring disclosure because the Attorney General's investigation did not have anything to do with the officer's credibility. Accordingly, there was no Brady violation.[FN2]
Defendant also argues that County Court erred in precluding him from cross-examining the officer about knowingly providing the Galway Police Department with a certificate containing false information. This argument once again mischaracterizes the information that was provided to the court at the time of trial. Nevertheless, even if defendant correctly characterized the evidence at issue and that the court erred in its preclusion ruling, any error was harmless in view of the overwhelming evidence of defendant's guilt and the absence of a significant probability that such error contributed to the finding of guilt (see People v Gannon, 174 AD3d 1054, 1061 [3d Dept 2019], lv denied 34 NY3d 980 [2019]; see generally People v Crimmins, 36 NY2d 230 [1975]).
Finally, "[a] trial court has discretion to vacate a judgment and order a new trial where newly discovered evidence, among other things, would likely produce a different result at a new trial, was not discovered until after trial and could not have been discovered before trial, and would not be merely impeaching or contradicting the former evidence" (People v Mack, 301 AD2d 863, 864-865 [3d Dept 2003] [internal quotation marks and citation omitted], lv denied 100 NY2d 540 [2003]). As relevant here, defendant premised his renewed CPL 330.30 motion on the felony complaint charging the officer with three counts of offering a false instrument for filing in the first degree. As County Court found, however, such evidence tended only to impeach the officer's credibility and likely would not produce a different result at a new trial. In view of the foregoing, the court did not abuse its discretion in denying the renewed motion (see People v Robinson, 121 AD3d 1405, 1409 [3d Dept 2014], lv denied 24 NY3d 1221 [2015]; People v Crawson, 56 AD3d 1051, 1053 [3d Dept 2008], lv denied 12 NY3d 757 [2009]; People v White, 229 AD2d 610, 612 [3d Dept 1996]). Defendant's remaining assertions have been examined and are without merit.
Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's contention that the information about the Attorney General's investigation was intentionally withheld from him is without merit. According to the prosecutor, it was the officer who told her of this investigation and that she then submitted the letter "as soon as [she] found out." County Court found that the prosecutor was "very forthcoming" and that she had provided defendant with information "as soon as she had it." Defendant offers no basis to disturb the court's finding.

Footnote 2: Even if the information provided to County Court at the time of trial could be construed as to what defendant characterizes it to be and did indeed pertain to the officer's credibility, there would still be no Brady violation because such evidence was neither within the control of the People (see People v Thornton, 141 AD3d 936, 939 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]) nor did a reasonable probability exist that its timely disclosure would have led to a more favorable outcome (see People v Hawes, 298 AD2d 706, 708 [3d Dept 2002], lv denied 99 NY2d 582 [2003]; People v Johnson, 226 AD2d 828, 829 [3d Dept 1996], lv denied 88 NY2d 987 [1996]).