■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMON SABB, Appellant. [783 NYS2d 34]—

Judgment, Supreme Court, New York County (Bonnie G.

Wittner, J.), rendered October 3, 2002, convicting defendant, after a jury trial, of burglary in the second degree and two counts of possession of stolen property in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

Defendant failed to preserve his claim that the People introduced excessive and prejudicial details about his prior trespass conviction that went beyond the court's *Molineux* ruling, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the trespass conviction, which had led to a warning to defendant not to enter the subject premises, and the relevant surrounding facts, were properly admissible to establish essential elements of the crime of burglary and were not unduly prejudicial (*see People v Robinson*, 239 AD2d 258, 259-260 [1997]). Furthermore, the court delivered thorough limiting instructions that minimized the risk of prejudice.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was triggered solely by his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Andrias, Marlow and Catterson, JJ.