(June 13, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TYRELL L. MANNING, Appellant. [861 NYS2d 873]—

Appeal from a judgment of the Onondaga County Court
(Joseph E. Fahey, J.), rendered April 21, 2005. The judgment
convicted defendant, upon a jury verdict, of criminal contempt
in the first degree and harassment in the second degree.

It is hereby ordered that the case is held, the decision is
reserved and the matter is remitted to Onondaga County Court
for further proceedings in accordance with the following memo-
randum: Defendant appeals from a judgment convicting him,
upon a jury verdict, of criminal contempt in the first degree
(Penal Law § 215.51 [b] [v]) and harassment in the second
degree (§ 240.26 [1]). We reject defendant's contention that the
conviction is not supported by legally sufficient evidence and
the verdict is against the weight of the evidence (see generally
People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant further
contends that he was denied effective assistance of counsel
because defense counsel failed to move to dismiss the indict-
ment based on the violation of his statutory right to a speedy
trial (see CPL 30.30 [1] [a]). The record reflects that the felony
complaint was filed on March 3, 2004 and that the People did
not announce their readiness for trial until September 20, 2004,
when defendant was arraigned on the indictment. Defense
counsel did not seek dismissal of the indictment pursuant to
CPL 210.20 (1) (g) on the ground that defendant was denied the
right to a speedy trial.

"It is well settled that a failure of counsel to assert a meritori-
ous statutory speedy trial claim is, by itself, a sufficiently
egregious error to render a defendant's representation ineffec-
tive" (People v St. Louis, 41 AD3d 897, 898 [2007]; see People v
Johnson, 288 AD2d 501 [2001]; People v White, 229 AD2d 610,
610-611 [1996]; People v Pickens, 216 AD2d 631, 632 [1995]).
Here, it is undisputed that more than six months elapsed be-
tween the commencement of the criminal action and the date
on which the People announced their readiness for trial. Because
defendant has made a prima facie showing on appeal that the

People failed to comply with CPL 30.30 (1) (a), the burden now shifts to the People to demonstrate "sufficient excludable time" (*People v Kendzia*, 64 NY2d 331, 338 [1985]). The People contend that an April 26, 2004 appearance by defendant in County Court demonstrates that there had been ongoing plea negotiations and that they cannot be charged with the period of time during which those plea negotiations occurred. Although the People are correct that "[a] period of delay resulting from ongoing plea negotiations is excludable for the purpose of determining whether defendant has been deprived of the right to a speedy trial," that period is excludable only in the event that defendant or defense counsel requested the delay or consented thereto in order to engage in those plea negotiations (*People v Jenkins*, 302 AD2d 978, 978 [2003], *lv denied* 100 NY2d 562 [2003]; *see People v Waldron*, 6 NY3d 463, 467 [2006]). We are unable to determine on the record before us whether any such period of time was excludable because, as noted, defense counsel did not raise the speedy trial issue in County Court and the People therefore did not present evidence addressing that issue. We therefore hold the case, reserve decision and remit the matter to County Court for assignment of new counsel and for a hearing to determine whether any period of time between the commencement of the criminal action and the People's announcement of readiness for trial is excludable (*see St. Louis*, 41 AD3d at 898-899; *Johnson*, 288 AD2d at 502; *Pickens*, 216 AD2d at 632).

All concur except Pine, J., who dissents and votes to affirm in the following memorandum.

Pine, J. (dissenting). I respectfully dissent and would affirm. While I agree with the majority that the conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), I disagree with the majority's resolution of defendant's contention concerning ineffective assistance of counsel. To establish ineffective assistance of counsel based on the failure to make a particular motion, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to [make such a motion]" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Marcial*, 41 AD3d 1308 [2007], *lv denied* 9 NY3d 878 [2007]). "Stated differently, defendant must show that the particular motion, if made, would have been successful and that defense counsel's failure to make that motion deprived him of meaningful representation" (*Marcial*, 41 AD3d at 1308). Upon reviewing the record on ap-

peal, I cannot agree with the majority that defendant met his burden of establishing the absence of any legitimate explanation for defense counsel's failure to move to dismiss the indictment based on the alleged violation of his statutory right to a speedy trial, thus shifting the burden of proof to the People to demonstrate that such a motion would not have been successful. Rather, as we previously have held, because the record is inadequate to enable this Court to determine whether such a motion would have been successful and whether defendant was deprived of meaningful representation based on defense counsel's failure to make that motion, the proper procedural vehicle to develop the record is a motion pursuant to CPL 440.10 (*see People v Wooten*, 283 AD2d 931 [2001], *lv denied* 96 NY2d 943 [2001]; *People v Miller*, 142 AD2d 970 [1988]; *see also People v Oliver*, 24 AD3d 1305 [2005], *lv denied* 6 NY3d 836 [2006]). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.