■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL L. MANNING, Appellant. [889 NYS2d 333]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 21, 2005. The appeal was held by this Court by order entered June 13, 2008, the decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (52 AD3d 1295 [2008]). The proceedings were held and completed.

It is hereby ordered that said appeal from the judgment insofar as it imposed a sentence of incarceration is unanimously dismissed and the judgment is otherwise affirmed.

*Memorandum:* Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and harassment in the second degree (§ 240.26 [1]). We previously held the case, reserved decision and remitted this matter to County Court for assignment of new counsel and "a hearing to determine whether any period of time between the commencement of the criminal action and the People's announcement of readiness for trial is excludable," to enable this Court to decide the issue whether defense counsel was ineffective in failing to make a speedy trial motion (*People v Manning*, 52 AD3d 1295, 1296 [2008]). At the hearing conducted in accordance with our remittal, trial counsel for defendant testified that he did not make a speedy trial motion because he had not identified any speedy trial issue. The People submitted evidence establishing that they announced their readiness for trial within six months from the commencement of the criminal action. That evidence had not been included in the original record on appeal but trial counsel for defendant was aware that the People had in fact timely announced their readiness for trial. Although defendant objected to the admission of that evidence as exceeding the scope of our remittal, we conclude that the court properly admitted that evidence to reflect the information known by defendant's trial counsel at the time of trial (*see People v Marzug*, 280 AD2d 974 [2001], *lv denied* 96 NY2d 904 [2001]). Based on the evidence presented at the hearing upon remittal, we thus conclude that defense counsel was not ineffective for failing to make a speedy trial motion and that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We reject defendant's contention that the court erred in admitting the preliminary hearing testimony of the complainant in evidence at trial. The People established that they

exercised the required due diligence in attempting to secure the complainant's appearance at the trial but that the complainant was unavailable, and thus the admission of her preliminary hearing testimony at trial was permissible (see CPL 670.10 [1] [b]; *People v Arroyo*, 54 NY2d 567, 569 [1982], *cert denied* 456 US 979 [1982]; *People v Mastrangelo*, 203 AD2d 942, 943 [1994], *lv denied* 83 NY2d 912 [1994]). Contrary to the further contention of defendant, the court did not err in its *Molineux* ruling inasmuch as the testimony concerning defendant's prior convictions was relevant on the issue of intent and its probative value exceeded its potential for prejudice (see *People v Freece*, 46 AD3d 1428 [2007], *lv denied* 10 NY3d 811 [2008]; *People v Miles*, 36 AD3d 1021, 1022-1023 [2007], *lv denied* 8 NY3d 988 [2007]; *see generally People v Molineux*, 168 NY 264, 293-294 [1901]). Defendant failed to preserve for our review his contention that the witness presenting that testimony went beyond the court's *Molineux* ruling (see *People v Sabb*, 11 AD3d 350, 351 [2004], *lv denied* 4 NY3d 748 [2004]; *see also People v Gill*, 54 AD3d 965 [2008], *lv denied* 11 NY3d 897 [2008]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We dismiss the appeal to the extent that defendant challenges the severity of the sentence inasmuch as defendant has completed serving his sentence and that part of the appeal therefore is moot (see *People v Griffin*, 239 AD2d 936 [1997]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.