■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JACK Z. SWEET, Appellant. [917 NYS2d 768]—

Appeal, by permission of a Justice of the Appellate Division of
the Supreme Court in the Fourth Judicial Department, from an
order of the Supreme Court, Niagara County (Richard C. Kloch,
Sr., A.J.), entered October 31, 2008. The order denied the mo-
tion of defendant to vacate a judgment of conviction pursuant
to CPL 440.10.

It is hereby ordered that the case is held, the decision is
reserved and the matter is remitted to Supreme Court, Niagara
County, for further proceedings in accordance with the follow-
ing memorandum: Defendant appeals from an order denying his
motion pursuant to CPL 440.10 to vacate the judgment convict-
ing him after a jury trial of one count of robbery in the first
degree (Penal Law § 160.15 [3]), and two counts each of bur-
glary in the first degree (§ 140.30 [2], [3]) and robbery in the
second degree (§ 160.10 [2] [a]). Defendant contends, inter alia,
that Supreme Court erred in denying the motion without
conducting a hearing on the issue whether trial counsel was
ineffective in failing to move to dismiss the indictment based on
the alleged violation of defendant's statutory right to a speedy
trial (see CPL 30.30 [1] [a]). We agree. In support of the motion,
defendant submitted evidence that the felony complaint was
filed on December 5, 2001 and that the People announced their
readiness for trial on the record on June 17, 2002. Because de-
fendant made a prima facie showing that the People failed to
comply with CPL 30.30 (1) (a), the burden shifted to the People
to demonstrate "sufficient excludable time" (*People v Kendzia*,
64 NY2d 331, 338 [1985]; *see People v Manning*, 52 AD3d 1295,
1295-1296 [2008]). The court erred in relieving the People of
that burden and in implicitly imposing the burden on defendant
to show the absence of excludable time by failing to conduct a
hearing at which the People would have had the burden of proof
on the issue of "sufficient excludable time" (*Kendzia*, 64 NY2d
at 338). Moreover, "[i]t is well settled that a failure of counsel
to assert a meritorious speedy trial claim is, by itself, a suf-
ficiently egregious error to render a defendant's representation
ineffective" (*People v St. Louis*, 41 AD3d 897, 898 [2007]). We
therefore hold the case, reserve decision and remit the matter
to Supreme Court for a hearing on that issue.

We have examined the remaining contentions of defendant,
including those raised in his pro se supplemental brief, and
conclude that they are lacking in merit. Present—Scudder, P.J.,
Smith, Green, Pine and Gorski, JJ.