# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

876
KA 09-00188
PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JACK Z. SWEET, DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

JACK Z. SWEET, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered October 31, 2008. The appeal was held by this Court by order entered December 30, 2010, decision was reserved and the matter was remitted to Supreme Court, Niagara County, for further proceedings (79 AD3d 1772). The proceedings were held and completed (Sara S. Sperrazza, A.J.).

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to Supreme Court for a hearing on defendant's CPL 440.10 motion to determine whether the People established " 'sufficient excludable time' " based upon our conclusion that defendant made a prima facie showing that the People failed to comply with CPL 30.30 (1) (a) (*People v Sweet*, 79 AD3d 1772, 1772). The evidence adduced at the hearing on remittal establishes that the criminal action was commenced on April 9, 2002 by the filing of the indictment in Niagara County Court, and that the People declared their readiness for trial on June 17, 2002, well within the six-month limit provided in CPL 30.30 (1) (a). We therefore reject defendant's contention that he was denied effective assistance of counsel based upon defense counsel's failure to seek dismissal of the indictment on the ground that defendant was denied his right to a speedy trial (*see generally People v Manning*, 52 AD3d 1295, 1295-1296, *lv denied* 14 NY3d 803).

We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none requires

modification or reversal of the order denying defendant's motion.

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court