# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1004

KA 12-01406

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

FRANCISCO DEJESUS, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered July 9, 1999.  The judgment convicted defendant, upon two jury verdicts, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, upon two jury verdicts, of criminal possession of a controlled substance (CPCS) in the second degree (Penal Law § 220.18 [former (1)]), CPCS in the third degree (§ 220.16 [1]), and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]).  We note that the People retried defendant on the CPCS counts when the jury at the first trial could not reach a unanimous verdict on those counts, and that Supreme Court entered a single judgment covering both trials at the time of sentencing.  We reject defendant's contention that the court erred in allowing the People to read into evidence at the second trial the testimony of defendant's girlfriend from the first trial.  CPL 670.10 (1) provides that a witness's testimony from a previous proceeding may be used in a subsequent criminal proceeding "when at the time of such subsequent proceeding the witness is unable to attend the same by reason of death, illness or incapacity, or cannot with due diligence be found."  After defendant's girlfriend suddenly became unavailable in the middle of the second trial, the People attempted to locate her but were unsuccessful, and they thereafter established that they had exercised the due diligence required by the statute (*see* CPL 670.10 [1] [a]; *People v Arroyo*, 54 NY2d 567, 569-570, *cert denied* 456 US 979; *People v Manning*, 67 AD3d 1378, 1379-1380, *lv denied* 14 NY3d 803).

We reject defendant's further contention that the evidence is legally insufficient to establish that he constructively possessed either the controlled substance or the drug paraphernalia. Where, as here, "there is no evidence that defendant actually possessed [such contraband], the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized" (*People v Pichardo*, 34 AD3d 1223, 1224, *lv denied* 8 NY3d 926 [internal quotation marks omitted]; *see People v Manini*, 79 NY2d 561, 573; *see also* Penal Law § 10.00 [8]). Here, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678; *People v Williams*, 84 NY2d 925, 926), is legally sufficient to establish that defendant constructively possessed both the controlled substance and the drug paraphernalia (*see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to defendant's contention that the court erred in denying his motion for a mistrial when a lieutenant in the Buffalo Police Department testified that defendant was a known drug dealer, we note that "the decision to grant or deny a motion for a mistrial is within the trial court's discretion" (*People v Ortiz*, 54 NY2d 288, 292), and it cannot be said that the court abused its discretion in denying defendant's motion (*see People v Ward*, 107 AD3d 1605, 1606). Moreover, the court promptly instructed the jury to disregard the improper testimony, and the jury is presumed to have followed that curative instruction (*see People v Hawkes*, 39 AD3d 1209, 1210, *lv denied* 9 NY3d 845; *People v Ochoa*, 19 AD3d 302, 302, *lv denied* 5 NY3d 855). Defendant's further contention that there was a *Brady* violation based on the People's failure to disclose that a prosecution witness was the confidential informant who provided the information used to obtain a warrant to search the premises where the contraband was found is based on matters outside the record on appeal and thus may properly be raised by way of a motion pursuant to CPL article 440 (*see People v Johnson*, 88 AD3d 1293, 1294, *following remittal* 96 AD3d 1586, *lv denied* 19 NY3d 1027; *People v Ellis*, 73 AD3d 1433, 1434, *lv denied* 15 NY3d 851). We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: October 4, 2013

Frances E. Cafarell
Clerk of the Court